**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

**Civil Action No.: 3:19-cv-566**

---

FURRION PROPERTY HOLDING LIMITED, a Hong Kong Limited Company, and FURRION LIMITED, a Hong Kong Limited Company;

Plaintiffs,

v.

WAY INTERGLOBAL NETWORK, LLC, an Indiana Limited Liability Company;

Defendant.

---

# COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

---

Plaintiffs Furrion Property Holding Limited and Furrion Limited (collectively "Plaintiffs" or "Furrion") file this Complaint for patent infringement, trademark infringement and unfair competition, against Defendant Way Interglobal Network, LLC ("Defendant" or "Way Interglobal"), and allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement, trademark infringement, and unfair competition, arising under the Patent Act, 35 U.S.C. §§ 1, et seq. and the Lanham Act, 15 U.S.C. §§ 1051, et seq.

2. Defendant is offering for sale and selling imitation range ovens that infringe Furrion's patents and that are advertised and sold with printed materials that have been directly and intentionally copied from Furrion's own instruction manual—Defendant even copied Furrion's own trademarked logo when creating its imitation sales materials. Defendant's range ovens are not manufactured by Furrion, nor is Defendant connected or affiliated with, or

authorized by, Furrion in any way. In addition to infringing Furrion's patents, Defendant's range ovens and sales materials are likely to cause confusion and to deceive consumers and the public regarding its source, and otherwise dilute and tarnish the distinctive quality of Furrion's marks.

**PARTIES, JURISDICTION AND VENUE**

3. Plaintiff Furrion Property Holding Limited ("Furrion Holding") is a Hong Kong Limited Company having its principal place of business at Units 503c & 505-508, Level 5, Core D, Cyberport 3, 100 Cyberport Road, HK.

4. Plaintiff Furrion Limited is a Hong Kong Limited Company having its principal place of business at Units 503c & 505-508, Level 5, Core D, Cyberport 3, 100 Cyberport Road, HK.

5. On information and belief, Defendant Way Interglobal Network, LLC is an Indiana limited liability company having its principal place of business at 3405 County Road 6 East, Elkhart, Indiana 46514.

6. The Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b). This case presents well-pleaded federal questions arising under the Patent Act, 35 U.S.C. §§ 1, et seq. and the Lanham Act, 15 U.S.C. §§ 1051, et seq.

7. The exercise of *in personam* jurisdiction over Defendant comports with the laws of the State of Indiana and the constitutional requirements of due process because Defendant and/or its agents are incorporated in the State of Indiana and has a principal place of business in the Northern District of Indiana, and transacts business and/or offer to transacts business within Indiana.

8. Specifically, Defendant advertises, offers for sale, sells, and distributes range ovens for use in recreational vehicles (“RVs”), throughout the United States, including within the State of Indiana.

9. Venue is proper in the Northern District of Indiana pursuant to 28 U.S.C. § 1391(b) and (d), 28 U.S.C. § 1400(b), and 28 U.S.C. § 94(a)(2), as Defendant has a regular and established place of business in this District and a substantial part of the events or omissions giving rise to Plaintiffs’ claims occurred within this District and division.

## FACTUAL ALLEGATIONS

## FURRION

10. Furrion is an innovator in sustainable, modern-luxury technology. Furrion’s technology is geared towards travelers seeking high-end, technologically-advanced electronics, appliances, and energy sources for land and water vehicles.

11. Furrion was formed in 2007, when its founding partners met as engineers on a mega yacht crew. The founding partners were inspired to create sophisticated solutions for everyday explorers by bringing together their technical expertise and modern aesthetic. Today, Furrion offers a full product suite for vehicles, homes, yachts, and the outdoors.

12. Among Furrion’s many well-known products are Furrion’s innovative range ovens for use in the “RV” industry, which incorporates Furrion’s patented technology, and Furrion sells these products under the Furrion® brand. Since at least 2013, Furrion has designed, manufactured, distributed and extensively advertised its Furrion® cooktops and ovens in commerce.

**<u>FURRION'S 2 IN 1 RANGE OVEN DESIGNS</u>**

13. Furrion's line of luxury RV cooking appliances includes the 17" and 21" profile 2 in 1 Range Oven with Die Cast Grate ("2 in 1 - Cast") (collectively, the "2 in 1 Range Ovens"). The 2 in 1 Range Ovens offer increased capacity and improved heat distribution, while employing a distinctive and unique ornamental design compared to traditional range ovens available to the RV industry, as shown in the following example:




14. Furrion distributes its products, including the 2 in 1 Range Ovens, domestically and worldwide. Furrion® 2 in 1 Range Ovens are sold in the United States to original equipment manufacturer ("OEM") RV manufacturers through an authorized Furrion dealer. Furrion advertises its 2 in 1 Range Ovens online, including but not limited to through the Furrion website, available at *https://furrion.com/*.

15. Since its introduction in May 2017, the Furrion 2 in 1 Range Oven has been an enormous success. It has quickly become one of Furrion's best selling products. Furrion's innovation and the resulting intellectual property embodied in Furrion's products have allowed Furrion to successfully market and sell the 2 in 1 Range Ovens to many RV customers, resulting in significant commercial success.

## THE FURRION DESIGN PATENTS

16. Key to the 2 in 1 Range Ovens' success is their unique ornamental design, which is covered by four U.S. patents: U.S. Design Patent Nos. D839,038 ("the '038 Patent"), D851,978 ("the '978 Patent"), D851,979 ("the '979 Patent"), and D851,990 ("the '990 Patent") (collectively, the "Furrion Design Patents").

17. Plaintiff Furrion Property Holding Limited is the owner by assignment of the Furrion Design Patents. Plaintiff Furrion Limited is the exclusive license holding all substantial rights to the Furrion Design Patents.

18. On January 29, 2019, the U.S. Patent and Trademark Office issued U.S. Patent No. D839,038, entitled "Oven," with Furrion Property Holding Limited as the assignee. Furrion Property Holding Limited in turn granted Furrion Limited an exclusive license that conveyed all substantial rights to the '038 Patent. Furrion Limited is the exclusive licensee of the '038 Patent and owns all substantial rights in the '038 Patent. The '038 Patent claims an ornamental design for an oven as shown and described in the following figures:


FIG. 1


FIG. 2


FIG. 3


FIG. 4


FIG. 5


FIG. 6

A true and correct copy of the ’038 Patent is attached hereto as **Exhibit A**.

19. On June 25, 2019, the U.S. Patent and Trademark Office issued U.S. Patent No. D851,978, entitled “Oven,” with Furrion Property Holding Limited as the assignee. Furrion Property Holding Limited in turn granted Furrion Limited an exclusive license that conveyed all substantial rights to the ’978 Patent. Furrion Limited is the exclusive licensee of the ’978 Patent and owns all substantial rights in the ’978 Patent. The ’978 Patent claims an ornamental design for an oven as shown and described in the following figures:


FIG. 1


FIG. 2


FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7

A true and correct copy of the ’978 Patent is attached hereto as **Exhibit B**.

20. On June 25, 2019, the U.S. Patent and Trademark Office issued U.S. Patent No. D851,979 entitled “Oven Bracket,” with Furrion Property Holding Limited as the assignee. Furrion Property Holding Limited in turn granted Furrion Limited an exclusive license that conveyed all substantial rights to the ’979 Patent. Furrion Limited is the exclusive licensee of the ’979 Patent and owns all substantial rights in the ’979 Patent. The ’979 Patent claims an ornamental design for an oven bracket as shown and described in the following figures:



FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7



FIG. 8

A true and correct copy of the ’979 Patent is attached hereto as **Exhibit C**.

21. On June 25, 2019, the U.S. Patent and Trademark Office issued U.S. Patent No. D851,990 entitled “Oven Alignment Part,” with Furrion Property Holding Limited as the assignee. Furrion Property Holding Limited in turn granted Furrion Limited an exclusive license that conveyed all substantial rights to the ’990 Patent. Furrion Limited is the exclusive licensee of the ’990 Patent and owns all substantial rights in the ’990 Patent. The ’990 Patent claims an ornamental design for an oven alignment part as shown and described in the following figures:



FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7

A true and correct copy of the ’990 Patent is attached hereto as **Exhibit D**.

22. Furrion maintains and regularly updates a list of Furrion products that are protected by Furrion’s U.S. patents. The page can be accessed at *http://www.furrion/com/pages/patents*. Each of the Furrion Design Patents is identified as protecting the 2 in 1 Range Ovens.

23. Furrion advertises and sells the 2 in 1 Range Ovens with product and marketing materials developed by Furrion at significant expense. These materials include, but are not limited to, Furrion's 2018 Master Product Catalog, Specification Sheets, and Instruction Manuals for the 2 in 1 Range Ovens with Die-Cast Grate.

24. Furrion owns all right, title and interest in these original works, including all copyright rights therein. To that end, each of these product materials contains the following conspicuous copyright notice:

**© 2007-2018 Furrion Ltd.**

In particular, the 2 in 1 Range Oven Instruction Manual also contains the following notice:

**"Furrion® and The Furrion logo are trademarks licensed for use by Furrion Ltd. and registered in the U.S. and other countries."**

A true and correct copy of the 2 in 1 Range Oven Instruction Manual is attached hereto as **Exhibit E.**

25. The copyrighted works above are Furrion's original works of authorship and constitute copyrightable subject matter under the copyright laws of the United States. Furrion's copyrighted materials have been published in the United States, and abroad. The copyrighted 2 in 1 Range Oven User Manuals can be viewed and/or downloaded by any person from *https://furrion.com/pages/downloads-appliances* and *https://furrion.com/collections/ovens/products/21-2-in-1-range-oven*.

**FURRION'S TRADEMARKS**

26. Since 2007, Furrion has developed a reputation for being a pioneer in technology combining modern luxury with sustainability. Since its founding, Furrion's name and logo, including without limitation a stylized "F", have been used on its innovative products and in related marketing and advertising materials. Furrion has invested heavily in developing these

marks, and in doing so, has acquired substantial trademark rights in connection with a variety of goods, including the 2 in 1 Range Ovens, and has consistently used these marks in conjunction with its products, since at least 2013, and with the 2 in 1 Range Ovens, since their introduction in May 2017. Through such use, customers have come to recognize these trademarks as an indicator of source.

27. Furrion owns multiple federally registered trademarks in connection with its goods and services, including its 2 in 1 Range Ovens (collectively the "Furrion Marks"). Since 2013, Furrion has consistently marked its products, including the 2 in 1 Range Ovens since their introduction in May 2017, with the Furrion Marks. The Furrion Marks include, but are not limited to, the following registered United States Trademarks:

| Trademark | U.S. Registration No. |
|---|---|
| | Reg. No. 5,595,145 |
| FURRION | Reg. No. 5,487,459 |
| FURRION | Reg. No. 5,595,144 |
| FURRION | Reg. No. 4,563,947 |

True and correct copies of the Furrion Trademark Registrations are attached hereto as **Exhibit F.**

## WAY INTERGLOBAL'S INFRINGING ACTIVITIES

28. Way Interglobal manufactures, uses, offers for sale, sells, and/or imports compact range ovens for use in RV applications, throughout the United States, including within the State of Indiana.

29. Way Interglobal has recently begun diverting business from Furrion by infringing the suite of intellectual property rights that Furrion has invested heavily in creating and protecting in connection with its 2 in 1 Range Ovens.

30. In or around August 2018, Furrion became aware that Way Interglobal was offering an imitation Gas Range Oven under the Greystone® brand that was for all intents and purposes a direct copy of Furrion's 2 in 1 Range Ovens with Die Cast Grill. Furrion has not authorized or otherwise licensed Way Interglobal to copy or use the Furrion Design Patents to manufacture and sell a copycat oven to compete with Furrion's innovative 2 in 1 Gas Range Ovens.

31. In creating its imitation Gas Range Oven, Way Interglobal intentionally copied Furrion's copyrighted User Manual, despite the conspicuous copyright notice on the User Manual. Way Interglobal has appropriated Furrion's materials as if they were its own. In fact, Way Interglobal's user manuals for the infringing Greystone® oven contain copyrighted images of Furrion range ovens branded with Furrion's distinctive stylized "F" logo (Reg. No. 5,595,145). In short, Way Interglobal's compact range ovens are knock-offs of well-known Furrion original designs, all the way down to the related user manuals and the images contained therein.

32. Way Interglobal's infringing products include, but are not limited to, the 17" RV Gas Range and the 21" RV Gas Range (the "Infringing Way Interglobal Products"), sold as Model Numbers CF-RV17, CF-RV21, CF-RV17B, CF-RV21B, CF-RV17BB and CF-RV21BB. Examples of the Infringing Way Interglobal Products, as compared to the Furrion products they are designed to imitate, are depicted below:

**<u>Furrion 2 in 1 Range Oven</u>**
**<u>Front View</u>**



**<u>Way Interglobal Gas Range</u>**
**<u>Front View</u>**



**<u>Top View</u>**



**<u>Top View</u>**



33. The compact range ovens manufactured, used, offered for sale, sold, and/or imported by Way Interglobal are not manufactured by Furrion, nor is Way Interglobal associated or connected with Furrion, or licensed, authorized, sponsored, endorsed or approved by Furrion in any way.

34. In addition to copying Furrion's original range oven designs, Way Interglobal has copied Furrion's Instruction Manual for its 2 in 1 Range Ovens, including both the text and the very images of Furrion's 2 in 1 Range Ovens that are branded with Furrion's federally-registered

trademark, as shown in the excerpt from Way Interglobal's Gas Range Instruction Manual for the CF-RV17, CF-RV21, CF-RV17B, CF-RV21B, CF-RV17BB and CF-RV21BB models:




A true and correct copy of the infringing Way Interglobal Instruction Manual is attached hereto as **Exhibit G**.

35. Way Interglobal has knowingly, willfully, intentionally and maliciously (1) infringed the designs embodied in the Furrion Design Patents; (2) copied Furrion's original and copyrighted User Manual, despite its prominent copyright notice; and (3) copied and reproduced Furrion's federally-registered stylized "F" logo in Way Interglobal's instruction manual for the Infringing Way Interglobal Products.

36. Way Interglobal's intentional and bad faith conduct is evident from the fact that the Infringing Way Interglobal Products depicted above are obvious imitations of well-known and successful Furrion designs protected by the Furrion Design Patents. Indeed, many details of Furrion's original range oven designs have been slavishly copied by Way Interglobal. Way Interglobal's intentional copying is additionally revealed in its copycat marketing activities, including advertising and selling its Infringing Way Interglobal Products with user manuals that are substantially similar to, and infringing copies of, Furrion's copyrighted materials. Way

Interglobal's intentional copying is further revealed in its copying of Furrion's federally registered trademark in its user manual for the Infringing Way Interglobal Products.

37. As set forth below, Way Interglobal's importing, exporting and distribution of the Infringing Way Interglobal Products infringe the Furrion Design Patents and Furrion's federally registered logo, and otherwise constitutes unfair competition, resulting in irreparable harm to Furrion for which Furrion lacks an adequate remedy at law.

**FIRST CLAIM FOR RELIEF**

Infringement of the '038 Patent – 35 U.S.C. § 1, et seq.

38. Plaintiffs hereby incorporate each of the preceding paragraphs as if fully set forth herein.

39. Defendant has manufactured, used, offered for sale, sold, and/or imported, and continues to manufacture, use, offer to sell, and/or import range ovens, including but not limited to the Infringing Way Interglobal Products, that infringe the '038 Patent.

40. As a result of Way Interglobal's infringement of Furrion's rights in the '038 Patent, Furrion has suffered and will continue to suffer damages. In addition to actual damages, Furrion is entitled to recovery of Way Interglobal's profits pursuant to 35 U.S.C. § 289.

41. Way Interglobal's infringement of the '038 Patent has been with full knowledge of the '038 Patent and Furrion's rights therein.

42. Way Interglobal's willful infringement of Furrion's rights in the '038 Patent warrants an award of treble damages under 35 U.S.C. § 284 and makes this an exceptional case warranting an award of Furrion's reasonable attorney's fees and costs under 35 U.S.C. § 285.

43. As a result of Way Interglobal's continuing infringement of Furrion's rights in the '038 Patent, Furrion is suffering irreparable harm. If Way Interglobal's infringing conduct is not

enjoined, Furrion will continue to suffer irreparable harm, and otherwise has no adequate remedy at law. As a result, Furrion is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## SECOND CLAIM FOR RELIEF

Infringement of the '978 Patent – 35 U.S.C. § 1, et seq.

44. Plaintiffs hereby incorporate each of the preceding paragraphs as if fully set forth herein.

45. Way Interglobal has manufactured, used, offered for sale, sold, and/or imported, and continues to manufacture, use, offer to sell, and/or import range ovens, including but not limited to the Infringing Way Interglobal Products, that infringe the '978 Patent.

46. As a result of Way Interglobal's infringement of Furrion's rights in the '978 Patent, Furrion has suffered and will continue to suffer damages. In addition to actual damages, Furrion is entitled to recovery of Way Interglobal's profits pursuant to 35 U.S.C. § 289.

47. Way Interglobal's infringement of the '978 Patent has been with full knowledge of the '978 Patent and Furrion's rights therein.

48. Way Interglobal's willful infringement of Furrion's rights in the '978 Patent warrants an award of treble damages under 35 U.S.C. § 284 and makes this an exceptional case warranting an award of Furrion's reasonable attorney's fees and costs under 35 U.S.C. § 285.

49. As a result of Way Interglobal's continuing infringement of Furrion's rights in the '978 Patent, Furrion is suffering irreparable harm. If Way Interglobal's infringing conduct is not enjoined, Furrion will continue to suffer irreparable harm, and otherwise has no adequate remedy at law. As a result, Furrion is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## THIRD CLAIM FOR RELIEF

Infringement of the '979 Patent – 35 U.S.C. § 1, et seq.

50. Plaintiffs hereby incorporate each of the preceding paragraphs as if fully set forth herein.

51. Way Interglobal has manufactured, used, offered for sale, sold, and/or imported, and continues to manufacture, use, offer to sell, and/or import range ovens, including but not limited to the Infringing Way Interglobal Products, that infringe the '979 Patent.

52. As a result of Way Interglobal's infringement of Furrion's rights in the '979 Patent, Furrion has suffered and will continue to suffer damages. In addition to actual damages, Furrion is entitled to recovery of Way Interglobal's profits pursuant to 35 U.S.C. § 289.

53. Way Interglobal's infringement of the '979 Patent has been with full knowledge of the '979 Patent and Furrion's rights therein.

54. Way Interglobal's willful infringement of Furrion's rights in the '979 Patent warrants an award of treble damages under 35 U.S.C. § 284 and makes this an exceptional case warranting an award of Furrion's reasonable attorney's fees and costs under 35 U.S.C. § 285.

55. As a result of Way Interglobal's continuing infringement of Furrion's rights in the '979 Patent, Furrion is suffering irreparable harm. If Way Interglobal's infringing conduct is not enjoined, Furrion will continue to suffer irreparable harm, and otherwise has no adequate remedy at law. As a result, Furrion is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## FOURTH CLAIM FOR RELIEF

Infringement of the '990 Patent – 35 U.S.C. § 1, et seq.

56. Plaintiffs hereby incorporate each of the preceding paragraphs as if fully set forth herein.

57. Way Interglobal has manufactured, used, offered for sale, sold, and/or imported, and continues to manufacture, use, offer to sell, and/or import range ovens, including but not limited to the Infringing Way Interglobal Products, that infringe the ’990 Patent.

58. As a result of Way Interglobal’s infringement of Furrion’s rights in the ’990 Patent, Furrion has suffered and will continue to suffer damages. In addition to actual damages, Furrion is entitled to recovery of Way Interglobal’s profits pursuant to 35 U.S.C. § 289.

59. Way Interglobal’s infringement of the ’990 Patent has been with full knowledge of the ’990 Patent and Furrion’s rights therein.

60. Way Interglobal’s willful infringement of Furrion’s rights in the ’990 Patent warrants an award of treble damages under 35 U.S.C. § 284 and makes this an exceptional case warranting an award of Furrion’s reasonable attorney’s fees and costs under 35 U.S.C. § 285.

61. As a result of Way Interglobal’s continuing infringement of Furrion’s rights in the ’990 Patent, Furrion is suffering irreparable harm. If Way Interglobal’s infringing conduct is not enjoined, Furrion will continue to suffer irreparable harm, and otherwise has no adequate remedy at law. As a result, Furrion is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## FIFTH CLAIM FOR RELIEF

Federal Trademark Infringement – 15 U.S.C. § 1114

62. Plaintiffs hereby incorporate each of the preceding paragraphs as if fully set forth herein.

63. Way Interglobal is not authorized to use any of the Furrion Marks or any mark confusingly similar to or that in any way represents or implies Way Interglobal’s goods are in any way associated with Furrion.

64. Way Interglobal’s unauthorized use of Furrion logo as alleged herein, including without limitation in Way Interglobal’s instruction manual for the Infringing Way Interglobal

Products, constitutes trademark infringement in violation of 15 U.S.C. § 1114. Way Interglobal's use of the Furrion logo is likely to cause and has actually caused confusion, mistake, or deception in the market as to the source or origin of Way Interglobal's goods, and has falsely suggested that Way Interglobal and its goods are sponsored by, connected to, or associated with Furrion.

65. Way Interglobal's wrongful use of the Furrion logo is knowing, deliberate, and willful.

66. As a direct and proximate result of Way Interglobal's infringement of the Furrion logo, Furrion has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court enjoins Way Interglobal's actions. Furrion has no adequate remedy at law.

67. As a direct and proximate result of Way Interglobal's actions, Furrion has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

Federal Unfair Competition – 15 U.S.C. § 1125(a)

68. Plaintiffs hereby incorporate each of the preceding paragraphs as if fully set forth herein.

69. Furrion was the first to use the Furrion Marks or any marks similar thereto in association with, without limitation, the sale of range ovens. As a result of the continued sale by Furrion of products under the Furrion Marks, the Furrion Marks—including the Furrion Logo—have become widely known and Furrion has become identified in the public mind as the manufacturer and/or licensor of the products to which the Furrion Marks are applied.

70. As a result of the experience, care, and service of Furrion in producing and providing Furrion's products, Furrion products have become widely known to have acquired a

worldwide reputation for excellence. Moreover, the Furrion Marks have become associated with Furrion products, and have come to symbolize the reputation for quality and excellence of Furrion's products. As such, the Furrion Marks—including the Furrion logo—are inherently distinctive.

71. Way Interglobal are not authorized to use the Furrion Logo, any confusingly similar mark, or any mark that in any way represents or implies that Way Interglobal's goods are in any way associated with Furrion.

72. Way Interglobal's unauthorized use of the Furrion Logo as alleged herein constitutes unfair competition in violation of 15 U.S.C. § 1125(a). Way Interglobal, with knowing, willful, and intentional disregard for Furrion's rights, continues to advertise, promote, and sell products bearing the likeness of the Furrion Logo or counterfeits and imitations thereof through marketing channels used by Furrion. Such acts by Way Interglobal has caused and continues to cause confusion and mistake with an appreciable number of reasonable customers as to the source or sponsorship of Way Interglobal's products and services.

73. As a direct and proximate result of Way Interglobal's actions, Furrion has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court enjoins Way Interglobal's actions. Furrion has no adequate remedy at law.

74. As a direct and proximate result of Way Interglobal's actions, Furrion has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for entry of judgment granting:

A. A preliminary and permanent injunction restraining Defendant, its officers, agents, servants, employees, and attorneys, and those persons acting in concert with Defendant, and each of them, from:

(i) making, using, selling, offering to sell, and/or importing any range oven or similar product that infringes the ’038 Patent, the ’978 Patent, the ’979 Patent, or the ’990 Patent; and

(ii) directly or indirectly infringing Plaintiffs’ Lanham Act and common law rights in the Furrion Marks, either alone or in conjunction with other materials and otherwise engaging in unfair competition;

B. An award to Plaintiffs of their actual damages in an amount according to proof;

C. An award to Plaintiffs of the total profits received or derived by Defendant from the manufacture, use, sale, offering for sale, and/or importation of products bearing or using any copy or colorable imitation of the ’038 Patent, the ’978 Patent, the ’979 Patent, or the ’990 Patent pursuant to 35 U.S.C. § 289 and other applicable federal law;

E. Declare that Defendant’s infringement and other wrongful acts herein alleged be determined deliberate, willful, and in conscious disregard of Plaintiffs’ rights pursuant to 15 U.S.C. § 1125(a), 35 U.S.C. § 284 and/or 18 U.S.C. § 1964(c), and at common law;

F. An award to Plaintiffs of all of Defendant’s gross and net sales, revenues, and profits received or derived by Defendant for the use of any of the Furrion Marks pursuant to 15 U.S.C. § 1117 and other applicable federal law;

G. A declaration that this case is exceptional, and, in conjunction therewith, an award of reasonable attorney's fees and costs pursuant to 35 U.S.C. § 285;

H. An award of treble damages against Defendant pursuant to 35 U.S.C. § 284 as a result of Defendant's deliberate and willful infringement in conscious disregard of Plaintiffs' rights;

I. For an order that Defendant be directed to file with this Court and serve on Furrion within a period of time to be determined by the Court after the service of any injunction order, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

J. For an order that Defendant be required during this proceeding to preserve, surrender and deliver up to Plaintiffs all appliances, goods, printed matter, advertising, and designs bearing the words, designations, trademarks or symbols related or similar thereto which violate Plaintiffs' respective federal, statutory, state, or common law rights;

K. For an order that upon the conclusion of this proceeding, Plaintiffs are authorized by this Court to destroy all appliances, goods, printed matter, advertising, and designs provided by Defendant to Plaintiffs that this Court finds to violate Plaintiffs' respective federal, statutory, state, or common law rights;

J. For an order that Defendant be required at the conclusion of this proceeding to destroy in their possession any and all remaining appliances, goods, printed matter, and advertising, that this Court finds to violate Plaintiffs' federal, statutory, state or common law rights;

K. Pre-judgment and post-judgment interest as allowed by law;

L. Such other and further equitable and legal relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted this 24th day of July, 2019.

/s/ Andrew M. McCoy
**FAEGRE BAKER DANIELS LLP**
Andrew M. McCoy (#28297-49)
andrew.mccoy@faegrebd.com
300 N. Meridian St., Suite 2700
Indianapolis, IN 46204
Tel: (317) 237-0300
Fax: (317) 237-1000

***Attorney for Plaintiffs Furrion Property Holding Limited and Furrion Limited***