**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
INDIANA SOUTH BEND DIVISION**

FURRION PROPERTY HOLDING LIMITED and FURRION LIMITED

Plaintiffs,

v.

WAY INTERGLOBAL NETWORK, LLC

Defendant.

Case No.: 3:19-cv-566

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant, WAY INTERGLOBAL NETWORK, LLC ("Way Interglobal" or "Defendant"), files its Answer, Affirmative Defenses, and Counterclaims in response to the Complaint for patent infringement, trademark infringement, and unfair competition (the "Complaint") filed by Plaintiffs, FURRION PROPERTY HOLDING LIMITED and FURRION LIMITED ("Furrion" or "Plaintiffs").

Except as otherwise expressly set forth below, Way Interglobal denies each and every allegation contained in the Complaint. Relevant text of the Complaint is quoted for convenience. The headings below track those used in the Complaint and are for convenience only. They do not constitute any part of Way Interglobal's Answer and Counterclaims or any admission by Way Interglobal as to the truth of the matters asserted. In connection with the foregoing, Way Interglobal responds to the Complaint as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement, trademark infringement, and unfair competition, arising under the Patent Act, 35 U.S.C. §§ 1, et seq. and the Lanham Act, 15 U.S.C.§§ 1051, et seq.

**ANSWER:** Way Interglobal admits that the Complaint purports to be a civil action brought under 35 U.S.C. §§ 1 *et seq*. and the Lanham Act, 15 U.S.C. § § 1051, *et. Seq*, but denies any wrongdoing or infringement. Except as expressly admitted, Way Interglobal denies the remaining allegations contained in Paragraph 1.

2. Defendant is offering for sale and selling imitation range ovens that infringe Furrion's patents and that are advertised and sold with printed materials that have been directly and intentionally copied from Furrion's own instruction manual-Defendant even copied Furrion's own trademarked logo when creating its imitation sales materials. Defendant's range ovens are not manufactured by Furrion, nor is Defendant connected or affiliated with, or authorized by, Furrion in any way. In addition to infringing Furrion's patents, Defendant's range ovens and sales materials are likely to cause confusion and to deceive consumers and the public regarding its source, and otherwise dilute and tarnish the distinctive quality of Furrion's marks.

**ANSWER:** Way Interglobal admits that its range ovens are not manufactured by Furrion, that it is not connected or affiliated with Furrion, or authorized by Furrion. Except as expressly admitted, Way Interglobal denies the remaining allegations contained in Paragraph 2.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Furrion Property Holding Limited ("Furrion Holding") is a Hong Kong Limited Company having its principal place of business at Units 503c & 505-508, Level 5, Core D, Cyberport 3, 100 Cyberport Road, HK.

**ANSWER:** Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore deny these allegations.

4. Plaintiff Furrion Limited is a Hong Kong Limited Company having its principal place of business at Units 503c & 505-508, Level 5, Core D, Cyberport 3, 100 Cyberport Road, HK.

**ANSWER:** Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore deny these allegations.

5. On information and belief, Defendant Way Interglobal Network, LLC is an Indiana limited liability company having its principal place of business at 3405 County Road 6 East, Elkhart, Indiana 46514.

**ANSWER:** Way Interglobal admits that it is an Indiana Limited Liability Company but denies the remaining allegations in paragraph 5.

6. The Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b). This case presents well-pleaded federal questions arising under the Patent Act, 35 U.S.C. §§ 1, et seq. and the Lanham Act, 15 U.S.C.§§ 1051, et seq.

**ANSWER:** Way Interglobal admits that because Plaintiffs allege that this action arises under the Patent Act and Lanham Act of the United States, for the purposes of this action only, this

Court has subject matter jurisdiction over this case under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b0, but denies any wrongdoing or infringement. Way Interglobal denies the remaining allegations contained in Paragraph 6.

7. The exercise of in personam jurisdiction over Defendant comports with the laws of the State of Indiana and the constitutional requirements of due process because Defendant and/or its agents are incorporated in the State of Indiana and has a principal place of business in the Northern District of Indiana, and transacts business and/or offer to transacts business within Indiana.

**ANSWER:** Way Interglobal admits it and/or its agents are incorporated in the State of Indiana and has a principal place of business in the Northern District of Indiana and that it has conducted business within the State of Indiana. Way Interglobal denies the remaining allegations contained in Paragraph 7.

8. Specifically, Defendant advertises, offers for sale, sells, and distributes range ovens for use in recreational vehicles ("RVs"), throughout the United States, including within the State of Indiana.

**ANSWER:** Way Interglobal admits that it advertises, offers for sale, and sells range ovens for use in recreational vehicles ("RVs") throughout the United States including within the State of Indiana. Except as expressly admitted, Way Interglobal denies the remaining allegations contained in Paragraph 8.

9. Venue is proper in the Northern District of Indiana pursuant to 28 U.S.C. § 1391(b) and (d), 28 U.S.C. § 1400(b), and 28 U.S.C. § 94(a)(2), as Defendant has a regular

and established place of business in this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this District and division.

**ANSWER:** Way Interglogal admits venue in this District is permissible under 28 U.S.C. § 1391(b) and (d), 28 U.S.C. § 1400(b) and 28 U.S.C. §94(a)(2) for the purposes of this action, without admitting that it is necessarily proper or convenient. Way Interglobal denies the remaining allegations contained in Paragraph 9.

## FACTUAL ALLEGATIONS

## FURRION

10. Furrion is an innovator in sustainable, modern-luxury technology. Furrion's technology is geared towards travelers seeking high-end, technologically-advanced electronics, appliances, and energy sources for land and water vehicles.

**ANSWER:** Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore deny these allegations.

11. Furrion was formed in 2007, when its founding partners met as engineers on a mega yacht crew. The founding partners were inspired to create sophisticated solutions for everyday explorers by bringing together their technical expertise and modern aesthetic. Today, Furrion offers a full product suite for vehicles, homes, yachts, and the outdoors.

**ANSWER:** Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore deny these allegations.

12. Among Furrion's many well-known products are Furrion's innovative range ovens for use in the "RV" industry, which incorporates Furrion's patented technology, and

Furrion sells these products under the Furrion® brand. Since at least 2013, Furrion has designed, manufactured, distributed and extensively advertised its Furrion® cooktops and ovens in commerce.

**ANSWER:** Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore deny these allegations.

**FURRION'S 2 IN 1 RANGE OVEN DESIGNS**

13. Furrion's line of luxury RV cooking appliances includes the 17" and 21" profile 2 in 1 Range Oven with Die Cast Grate ("2 in 1 - Cast") (collectively, the "2 in 1 Range Ovens"). The 2 in 1 Range Ovens offer increased capacity and improved heat distribution, while employing a distinctive and unique ornamental design compared to traditional range ovens available to the RV industry, as shown in the following example: [IMAGE REMOVED]

**ANSWER:** Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore deny these allegations.

14. Furrion distributes its products, including the 2 in 1 Range Ovens, domestically and worldwide. Furrion® 2 in 1 Range Ovens are sold in the United States to original equipment manufacturer ("OEM") RV manufacturers through an authorized Furrion dealer. Furrion advertises its 2 in 1 Range Ovens online, including but not limited to through the Furrion website, available at *https://furrion.com/*.

**ANSWER:** Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore deny these allegations.

15. Since its introduction in May 2017, the Furrion 2 in 1 Range Oven has been an enormous success. It has quickly become one of Furrion's best selling products. Furrion's innovation and the resulting intellectual property embodied in Furrion's products have allowed Furrion to successfully market and sell the 2 in 1 Range Ovens to many RV customers, resulting in significant commercial success.

**ANSWER:** Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore deny these allegations.

## THE FURRION DESIGN PATENTS

16. Key to the 2 in 1 Range Ovens' success is their unique ornamental design, which is covered by four U.S. patents: U.S. Design Patent Nos. D839,038 ("the '038 Patent"), D851,978 ("the '978 Patent"), D851,979 ("the '979 Patent"), and D851,990 ("the '990 Patent") (collectively, the "Furrion Design Patents").

**ANSWER:** Reserving all objections as to validity, enforceability, and infringement, Way Interglobal admits that on its face, D839,038, D851,978, D851,979, and D851,990, are design patents. Except as expressly admitted, Way Interglobal denies the remaining allegations contained in Paragraph 16.

17. Plaintiff Furrion Property Holding Limited is the owner by assignment of the Furrion Design Patents. Plaintiff Furrion Limited is the exclusive license holding all substantial rights to the Furrion Design Patents.

**ANSWER:** Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore deny these allegations.

18. On January 29, 2019, the U.S. Patent and Trademark Office issued U.S. Patent No. D839,038, entitled "Oven," with Furrion Property Holding Limited as the assignee. Furrion Property Holding Limited in turn granted Furrion Limited an exclusive license that conveyed all substantial rights to the '038 Patent. Furrion Limited is the exclusive licensee of the '038 Patent and owns all substantial rights in the '038 Patent. The '038 Patent claims an ornamental design for an oven as shown and described in the following figures: [IMAGES REMOVED]

**ANSWER:** Way Interglobal admits that on its face, the '038 Patent issued on January 29, 2019 and is entitled "Oven." Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and therefore deny these allegations.

19. On June 25, 2019, the U.S. Patent and Trademark Office issued U.S. Patent No. D851,978, entitled "Oven," with Furrion Property Holding Limited as the assignee. Furrion Property Holding Limited in turn granted Furrion Limited an exclusive license that conveyed all substantial rights to the '978 Patent. Furrion Limited is the exclusive licensee of the '978 Patent and owns all substantial rights in the '978 Patent. The '978 Patent claims an ornamental design for an oven as shown and described in the following figures: [IMAGES REMOVED]

**ANSWER:** Way Interglobal admits that on its face, the '978 Patent issued on June 25, 2019 and is entitled "Oven." Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore deny these allegations.

20. On June 25, 2019, the U.S. Patent and Trademark Office issued U.S. Patent No. D851,979 entitled "Oven Bracket," with Furrion Property Holding Limited as the

assignee. Furrion Property Holding Limited in turn granted Furrion Limited an exclusive license that conveyed all substantial rights to the '979 Patent. Furrion Limited is the exclusive licensee of the '979 Patent and owns all substantial rights in the '979 Patent. The '979 Patent claims an ornamental design for an oven bracket as shown and described in the following figures: [IMAGES REMOVED]

**ANSWER:** Way Interglobal admits that on its face, the '979 Patent issued on June 25, 2019 and is entitled "Oven Bracket." Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and therefore deny these allegations.

21. On June 25, 2019, the U.S. Patent and Trademark Office issued U.S. Patent No. D851,990 entitled "Oven Alignment Part," with Furrion Property Holding Limited as the assignee. Furrion Property Holding Limited in turn granted Furrion Limited an exclusive license that conveyed all substantial rights to the '990 Patent. Furrion Limited is the exclusive licensee of the '990 Patent and owns all substantial rights in the '990 Patent. The '990 Patent claims an ornamental design for an oven alignment part as shown and described in the following figures: [IMAGES REMOVED]

**ANSWER:** Way Interglobal admits that on its face, the '990 Patent issued on June 25, 2019 and is entitled "Oven Alignment Part." Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and therefore deny these allegations.

22. Furrion maintains and regularly updates a list of Furrion products that are protected by Furrion's U.S. patents. The page can be accessed at

http://www.furrion/com/pages/patents. Each of the Furrion Design Patents is identified as protecting the 2 in 1 Range Ovens.

**ANSWER:** Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore deny these allegations.

23. Furrion advertises and sells the 2 in 1 Range Ovens with product and marketing materials developed by Furrion at significant expense. These materials include, but are not limited to, Furrion's 2018 Master Product Catalog, Specification Sheets, and Instruction Manuals for the 2 in 1 Range Ovens with Die-Cast Grate.

**ANSWER:** Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore deny these allegations.

24. Furrion owns all right, title and interest in these original works, including all copyright rights therein. To that end, each of these product materials contains the following conspicuous copyright notice: [QUOTED TEXT REMOVED]

**ANSWER:** Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore deny these allegations.

25. The copyrighted works above are Furrion's original works of authorship and constitute copyrightable subject matter under the copyright laws of the United States. Furrion's copyrighted materials have been published in the United States, and abroad. The copyrighted 2 in 1 Range Oven User Manuals can be viewed and/or downloaded by any person from https://furrion.com/pages/downloads-appliances and https://furrion.com/collections/ovens/products/21-2-in-1-range-oven.

**ANSWER:** Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore deny these allegations.

**FURRION'S TRADEMARKS**

26. Since 2007, Furrion has developed a reputation for being a pioneer in technology combining modern luxury with sustainability. Since its founding, Furrion's name and logo, including without limitation a stylized "F", have been used on its innovative products and in related marketing and advertising materials. Furrion has invested heavily in developing these marks, and in doing so, has acquired substantial trademark rights in connection with a variety of goods, including the 2 in 1 Range Ovens, and has consistently used these marks in conjunction with its products, since at least 2013, and with the 2 in 1 Range Ovens, since their introduction in May 2017. Through such use, customers have come to recognize these trademarks as an indicator of source.

**ANSWER:** Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore deny these allegations.

27. Furrion owns multiple federally registered trademarks in connection with its goods and services, including its 2 in 1 Range Ovens (collectively the "Furrion Marks"). Since 2013, Furrion has consistently marked its products, including the 2 in 1 Range Ovens since their introduction in May 2017, with the Furrion Marks. The Furrion Marks include, but are not limited to, the following registered United States Trademarks:

[TABLE REMOVED]

**ANSWER:** Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore deny these allegations.

28. Way Interglobal manufactures, uses, offers for sale, sells, and/or imports compact range ovens for use in RV applications, throughout the United States, including within the State of Indiana.

**ANSWER:** Admitted.

29. Way Interglobal has recently begun diverting business from Furrion by infringing the suite of intellectual property rights that Furrion has invested heavily in creating and protecting in connection with its 2 in 1 Range Ovens.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 29.

30. In or around August 2018, Furrion became aware that Way Interglobal was offering an imitation Gas Range Oven under the Greystone® brand that was for all intents and purposes a direct copy of Furrion's 2 in 1 Range Ovens with Die Cast Grill. Furrion has not authorized or otherwise licensed Way Interglobal to copy or use the Furrion Design Patents to manufacture and sell a copycat oven to compete with Furrion's innovative 2 in 1 Gas Range Ovens.

**ANSWER:** Way Interglobal admits no agreement exists between Furrion and Way Interglobal relating to the Furrion Design Patents. Except as expressly admitted, Way Interglobal denies the remaining allegations contained in Paragraph 30.

31. In creating its imitation Gas Range Oven, Way Interglobal intentionally copied Furrion's copyrighted User Manual, despite the conspicuous copyright notice on the User Manual. Way Interglobal has appropriated Furrion's materials as if they were its own. In fact, Way Interglobal's user manuals for the infringing Greystone® oven contain copyrighted images of Furrion range ovens branded with Furrion's distinctive stylized "F" logo (Reg. No. 5,595,145). In short, Way Interglobal's compact range ovens are knock-offs of well-known Furrion original designs, all the way down to the related user manuals and the images contained therein.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 31.

32. Way Interglobal's infringing products include, but are not limited to, the 17" RV Gas Range and the 21" RV Gas Range (the "Infringing Way Interglobal Products"), sold as Model Numbers CF-RV17, CF-RV21, CF-RV17B, CF-RV21B, CF-RV17BB and CF-RV21BB. Examples of the Infringing Way Interglobal Products, as compared to the Furrion products they are designed to imitate, are depicted below: [IMAGES REMOVED]

**ANSWER:** Way Interglobal admits it sells ovens with Model Numbers CF-RV17, CF-RV21, CF-RV17B, CF-RV21B, CF-RV17BB and CF-RV21BB, but deny any of these models infringe any Furrion Design Patent. Except as expressly admitted, Way Interglobal denies the remaining allegations contained in Paragraph 32.

33. The compact range ovens manufactured, used, offered for sale, sold, and/or imported by Way Interglobal are not manufactured by Furrion, nor is Way Interglobal associated or connected with Furrion, or licensed, authorized, sponsored, endorsed or approved by Furrion in any way.

**ANSWER:** Way Interglobal admits that its compact range ovens are not manufactured by Furrion and that it is not associated or connected with Furrion. Except as expressly admitted, Way Interglobal denies the remaining allegations contained in Paragraph 33.

34. In addition to copying Furrion's original range oven designs, Way Interglobal has copied Furrion's Instruction Manual for its 2 in 1 Range Ovens, including both the text and the very images of Furrion's 2 in 1 Range Ovens that are branded with Furrion's federally-registered trademark, as shown in the excerpt from Way Interglobal's Gas Range Instruction Manual for the CF-RV17, CF-RV21, CF-RV17B, CF-RV21B, CF-RV17BB and CF-RV21BB models: [IMAGES REMOVED]

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 34.

35. Way Interglobal has knowingly, willfully, intentionally and maliciously (1) infringed the designs embodied in the Furrion Design Patents; (2) copied Furrion's original and copyrighted User Manual, despite its prominent copyright notice; and (3) copied and reproduced Furrion's federally-registered stylized "F" logo in Way Interglobal's instruction manual for the Infringing Way Interglobal Products.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 35.

36. Way Interglobal's intentional and bad faith conduct is evident from the fact that the Infringing Way Interglobal Products depicted above are obvious imitations of well-known and successful Furrion designs protected by the Furrion Design Patents. Indeed, many details of Furrion's original range oven designs have been slavishly copied by Way Interglobal. Way Interglobal's intentional copying is additionally revealed in its copycat marketing activities,

including advertising and selling its Infringing Way Interglobal Products with user manuals that are substantially similar to, and infringing copies of, Furrion's copyrighted materials. Way Interglobal's intentional copying is further revealed in its copying of Furrion's federally registered trademark in its user manual for the Infringing Way Interglobal Products.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 36.

37. As set forth below, Way Interglobal's importing, exporting and distribution of the Infringing Way Interglobal Products infringe the Furrion Design Patents and Furrion's federally registered logo, and otherwise constitutes unfair competition, resulting in irreparable harm to Furrion for which Furrion lacks an adequate remedy at law.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 37.

## FIRST CLAIM FOR RELIEF

38. Plaintiffs hereby incorporate each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** No response is required to Furrion's incorporation by reference of the foregoing paragraphs of its Complaint. To the extent a response is deemed required, Way Interglobal incorporates and re-alleges the foregoing responses and averments as if fully set forth therein.

39. Defendant has manufactured, used, offered for sale, sold, and/or imported, and continues to manufacture, use, offer to sell, and/or import range ovens, including but not limited to the Infringing Way Interglobal Products, that infringe the '038 Patent.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 39.

40. As a result of Way Interglobal's infringement of Furrion's rights in the '038 Patent, Furrion has suffered and will continue to suffer damages. In addition to actual damages, Furrion is entitled to recovery of Way Interglobal's profits pursuant to 35 U.S.C. § 289.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 40.

41. Way Interglobal's infringement of the '038 Patent has been with full knowledge of the '038 Patent and Furrion's rights therein.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 41.

42. Way Interglobal's willful infringement of Furrion's rights in the '038 Patent warrants an award of treble damages under 35 U.S.C. § 284 and makes this an exceptional case warranting an award of Furrion's reasonable attorney's fees and costs under 35 U.S.C. § 285.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 42.

43. As a result of Way Interglobal's continuing infringement of Furrion's rights in the '038 Patent, Furrion is suffering irreparable harm. If Way Interglobal's infringing conduct is not enjoined, Furrion will continue to suffer irreparable harm, and otherwise has no adequate remedy at law. As a result, Furrion is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 43.

## SECOND CLAIM FOR RELIEF

44. Plaintiffs hereby incorporate each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** No response is required to Furrion's incorporation by reference of the foregoing paragraphs of its Complaint. To the extent a response is deemed required, Way Interglobal incorporates and re-alleges the foregoing responses and averments as if fully set forth therein.

45. Way Interglobal has manufactured, used, offered for sale, sold, and/or imported, and continues to manufacture, use, offer to sell, and/or import range ovens, including but not limited to the Infringing Way Interglobal Products, that infringe the '978 Patent.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 45.

46. As a result of Way Interglobal's infringement of Furrion's rights in the '978 Patent, Furrion has suffered and will continue to suffer damages. In addition to actual damages, Furrion is entitled to recovery of Way Interglobal's profits pursuant to 35 U.S.C. § 289.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 46.

47. Way Interglobal's infringement of the '978 Patent has been with full knowledge of the '978 Patent and Furrion's rights therein.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 47.

48. Way Interglobal's willful infringement of Furrion's rights in the '978 Patent warrants an award of treble damages under 35 U.S.C. § 284 and makes this an exceptional

case warranting an award of Furrion's reasonable attorney's fees and costs under 35 U.S.C. § 285.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 48.

49. As a result of Way Interglobal's continuing infringement of Furrion's rights in the '978 Patent, Furrion is suffering irreparable harm. If Way Interglobal's infringing conduct is not enjoined, Furrion will continue to suffer irreparable harm, and otherwise has no adequate remedy at law. As a result, Furrion is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 49.

## THIRD CLAIM FOR RELIEF

50. Plaintiffs hereby incorporate each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** No response is required to Furrion's incorporation by reference of the foregoing paragraphs of its Complaint. To the extent a response is deemed required, Way Interglobal incorporates and re-alleges the foregoing responses and averments as if fully set forth therein.

51. Way Interglobal has manufactured, used, offered for sale, sold, and/or imported, and continues to manufacture, use, offer to sell, and/or import range ovens, including but not limited to the Infringing Way Interglobal Products, that infringe the '979 Patent.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 51.

52. As a result of Way Interglobal's infringement of Furrion's rights in the '979 Patent, Furrion has suffered and will continue to suffer damages. In addition to actual damages, Furrion is entitled to recovery of Way Interglobal's profits pursuant to 35 U.S.C. § 289.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 52.

53. Way Interglobal's infringement of the '979 Patent has been with full knowledge of the '979 Patent and Furrion's rights therein.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 53.

54. Way Interglobal's willful infringement of Furrion's rights in the '979 Patent warrants an award of treble damages under 35 U.S.C. § 284 and makes this an exceptional case warranting an award of Furrion's reasonable attorney's fees and costs under 35 U.S.C. § 285.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 54.

55. As a result of Way Interglobal's continuing infringement of Furrion's rights in the '979 Patent, Furrion is suffering irreparable harm. If Way Interglobal's infringing conduct is not enjoined, Furrion will continue to suffer irreparable harm, and otherwise has no adequate remedy at law. As a result, Furrion is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 55.

## FOURTH CLAIM FOR RELIEF

56. Plaintiffs hereby incorporate each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** No response is required to Furrion's incorporation by reference of the foregoing paragraphs of its Complaint. To the extent a response is deemed required, Way Interglobal incorporates and re-alleges the foregoing responses and averments as if fully set forth therein.

57. Way Interglobal has manufactured, used, offered for sale, sold, and/or imported, and continues to manufacture, use, offer to sell, and/or import range ovens, including but not limited to the Infringing Way Interglobal Products, that infringe the '990 Patent.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 57.

58. As a result of Way Interglobal's infringement of Furrion's rights in the '990 Patent, Furrion has suffered and will continue to suffer damages. In addition to actual damages, Furrion is entitled to recovery of Way Interglobal's profits pursuant to 35 U.S.C. § 289.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 58.

59. Way Interglobal's infringement of the '990 Patent has been with full knowledge of the '990 Patent and Furrion's rights therein.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 59.

60. Way Interglobal's willful infringement of Furrion's rights in the '990 Patent warrants an award of treble damages under 35 U.S.C. § 284 and makes this an exceptional

case warranting an award of Furrion's reasonable attorney's fees and costs under 35 U.S.C. § 285.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 60.

61. As a result of Way Interglobal's continuing infringement of Furrion's rights in the '990 Patent, Furrion is suffering irreparable harm. If Way Interglobal's infringing conduct is not enjoined, Furrion will continue to suffer irreparable harm, and otherwise has no adequate remedy at law. As a result, Furrion is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 61.

## FIFTH CLAIM FOR RELIEF

62. Plaintiffs hereby incorporate each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** No response is required to Furrion's incorporation by reference of the foregoing paragraphs of its Complaint. To the extent a response is deemed required, Way Interglobal incorporates and re-alleges the foregoing responses and averments as if fully set forth therein.

63. Way Interglobal is not authorized to use any of the Furrion Marks or any mark confusingly similar to or that in any way represents or implies Way Interglobal's goods are in any way associated with Furrion.

**ANSWER:** Way Interglobal admits that it is not authorized to use Furrion's registered marks. Except as expressly admitted, Way Interglobal denies the remaining allegations contained in Paragraph 63.

64. Way Interglobal's unauthorized use of Furrion logo as alleged herein, including without limitation in Way Interglobal's instruction manual for the Infringing Way Interglobal Products, constitutes trademark infringement in violation of 15 U.S.C. § 1114. Way Interglobal's use of the Furrion logo is likely to cause and has actually caused confusion, mistake, or deception in the market as to the source or origin of Way Interglobal's goods, and has falsely suggested that Way Interglobal and its goods are sponsored by, connected to, or associated with Furrion.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 64.

65. Way Interglobal's wrongful use of the Furrion logo is knowing, deliberate, and willful.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 65.

66. As a direct and proximate result of Way Interglobal's infringement of the Furrion logo, Furrion has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court enjoins Way Interglobal's actions. Furrion has no adequate remedy at law.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 66.

67. As a direct and proximate result of Way Interglobal's actions, Furrion has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 67.

**SIXTH CLAIM FOR RELIEF**

68. Plaintiffs hereby incorporate each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** No response is required to Furrion's incorporation by reference of the foregoing paragraphs of its Complaint. To the extent a response is deemed required, Way Interglobal incorporates and re-alleges the foregoing responses and averments as if fully set forth therein.

69. Furrion was the first to use the Furrion Marks or any marks similar thereto in association with, without limitation, the sale of range ovens. As a result of the continued sale by Furrion of products under the Furrion Marks, the Furrion Marks-including the Furrion Logo- have become widely known and Furrion has become identified in the public mind as the manufacturer and/or licensor of the products to which the Furrion Marks are applied.

**ANSWER:** Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and therefore deny these allegations.

70. As a result of the experience, care, and service of Furrion in producing and providing Furrion's products, Furrion products have become widely known to have acquired a worldwide reputation for excellence. Moreover, the Furrion Marks have become

associated with Furrion products, and have come to symbolize the reputation for quality and excellence of Furrion's products. As such, the Furrion Marks-including the Furrion logo-are inherently distinctive.

**ANSWER:** Way Interglobal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and therefore deny these allegations.

71. Way Interglobal are not authorized to use the Furrion Logo, any confusingly similar mark, or any mark that in any way represents or implies that Way Interglobal's goods are in any way associated with Furrion.

**ANSWER:** Way Interglobal admits that it is not authorized to use Furrion's registered marks. Except as expressly admitted, Way Interglobal denies the remaining allegations contained in Paragraph 71.

72. Way Interglobal's unauthorized use of the Furrion Logo as alleged herein constitutes unfair competition in violation of 15 U.S.C. § 1125(a). Way Interglobal, with knowing, willful, and intentional disregard for Furrion's rights, continues to advertise, promote, and sell products bearing the likeness of the Furrion Logo or counterfeits and imitations thereof through marketing channels used by Furrion. Such acts by Way Interglobal has caused and continues to cause confusion and mistake with an appreciable number of reasonable customers as to the source or sponsorship of Way Interglobal's products and services.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 72.

73. As a direct and proximate result of Way Interglobal's actions, Furrion has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court enjoins Way Interglobal's actions. Furrion has no adequate remedy at law.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 73.

74. As a direct and proximate result of Way Interglobal's actions, Furrion has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

**ANSWER:** Way Interglobal denies each and every allegation contained in Paragraph 74.

## PRAYER FOR RELIEF

**ANSWER:** Way Interglobal denies that Furrion is entitled to any relief requested in the Complaint against Way Interglobal and denies all allegations contained in Paragraphs A-L.

## AFFIRMATIVE DEFENSES

Way Interglobal asserts the following affirmative defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated below. Way Interglobal reserves the right to amend and add defenses as further information is obtained in discovery. Way Interglobal asserts

the following defenses without prejudice to the denials set forth in its Answer and without admitting any allegations of the Complaint not otherwise admitted.

**FIRST AFFIRMATIVE DEFENSE**

**(Invalidity or Unenforceability)**

The ‘038 Patent, ‘978 Patent, ‘979 Patent, and ‘990 Patent and each of the claims thereof are invalid and/or unenforceable for failure to comply with one or more requirements of the United States Code and the rules, regulations, and laws pertaining thereto, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**SECOND AFFIRMATIVE DEFENSE**

**(Non-infringement)**

Way Interglobal has not infringed and does not infringe any valid, enforceable claim of the ‘038 Patent, ‘978 Patent, ‘979 Patent or ‘990 Patent.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Furrion’s Complaint fails to state a claim upon which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Violation of the Lanham Act)**

Way Interglobal has not engaged in infringement any of Furrion’s trademarks.

**FIFTH AFFIRMATIVE DEFENSE**

**(Adequacy of Remedy at Law)**

Furrion’s claims for equitable relief are barred to the extent there is an adequate remedy at law.

**SIXTH AFFIRMATIVE DEFENSE**

**(Equitable Defenses)**

Furrion's claims for relief are barred, in whole or in part, by one or more of the equitable doctrines of acquiescence, estoppel, implied license, laches, unclean hands, waiver and/or other applicable equitable defenses.

**RESERVATION OF DEFENSES**

Way Interglobal hereby reserves any and all defenses available under the Federal Rules of Civil Procedure and the U.S. Patent and Lanham Acts, and any other defenses, at law or in equity, that may now exist or become available later as a result of discovery and/or further factual investigation during this action.

**COUNTERCLAIMS**

Defendant Way Interglobal Network, LLC ("Defendant" or "Counterclaimant" or "Way Interglobal") asserts the following counterclaims against Furrion Property Holding Limited and Furrion Limited ("Plaintiffs" or "Counterdefendants" or "Furrion"):

**Parties**

1. Counterclaimant Way Interglobal is an Indiana corporation organized and existing under the laws of the State of Indiana having its principal place of business located at 3002 Coast Ct., Elkhart, IN 46514.

2. Upon information and belief, Furrion Property Holding Limited is a Hong Kong Limited Company having its principal place of business at Units 503c & 505-508, Level 5, Core D, Cyberport 3, 100 Cyberport Road, HK, and Furrion Limited is a Hong Kong Limited Company having its principal place of business at Units 503c & 505-508, Level 5, Core D, Cyberport 3, 100 Cyberport Road, HK.

**Jurisdiction and Venue**

3. This is an action under the Patent Act, 35 U.S.C. §§ 1, *et seq.* and the Lanham Act, 15 U.S.C.§§ 1051, *et seq* and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* seeking declaratory judgment of non-infringement, invalidity, and unenforceability of United States Design Patent Nos. D839,038 ("the '038 Patent"), D851,978 ("the '978 Patent"), D851,979 ("the '979 Patent"), and D851,990 ("the '990 Patent") (collectively, the "Furrion Design Patents").

4. This Court has subject matter jurisdiction over these claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (d), 28 U.S.C. § 1400(b), and 28 U.S.C. § 94(a)(2).

6. This Court has personal jurisdiction over Furrion, and venue is proper in this judicial district because Furrion conducts business in this district and has availed itself of this Court's jurisdiction by commencing its action for patent infringement in this judicial district, as set forth in its Complaint.

## Factual Allegations

7. On July 24, 2019, Furrion filed a Complaint (Dkt. 1) against Way Interglobal claiming patent infringement of the Furrion Design Patents, trademark infringement of U.S. Registration Nos. 5,595,145, 5,487,459, 5,595,144, and 4,563,947, and unfair competition.

8. Way Interglobal denies infringement and unfair competition allegations and disputes the validity of the Furrion Design Patents.

9. An actual and justiciable controversy exists between Way Interglobal and Furrion concerning the infringement and validity of the Furrion Design Patents.

## First Counterclaim - Declaratory Judgment of Non-Infringement of the '038 Patent

10. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.

11. The ’038 Patent was issued by the United States Patent and Trademark Office and Furrion claims to own all rights in and to this patent.

12. By its Complaint, Furrion has asserted that Way Interglobal infringes the ’038 Patent, which allegations Way Interglobal denies.

13. Way Interglobal does not infringe, has not infringed, directly or indirectly, by inducement or otherwise, any valid or enforceable claim of the ’038 Patent.

14. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the alleged infringement of the ’038 Patent.

15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that it does not infringe, directly or indirectly, the ’038 Patent.

16. This case is exceptional, and Way Interglobal is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.

**<u>Second Counterclaim - Declaratory Judgment of Invalidity of the ‘038 Patent</u>**

17. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.

18. The ‘038 Patent is invalid for failure to comply with one or more of the requirements of patentability as set forth in Title 35 of the United States Code or the rules, regulations, and laws related thereto, including without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

19. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the validity of the ’038 Patent.

20. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that the ’038 Patent is invalid.

21. This case is exceptional, and Way Interglobal is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.

**Third Counterclaim - Declaratory Judgment of Non-Infringement of the ‘978 Patent**

22. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.

23. The ’978 Patent was issued by the United States Patent and Trademark Office and Furrion claims to own all rights in and to this patent.

24. By its Complaint, Furrion has asserted that Way Interglobal infringes the ’978 Patent, which allegations Way Interglobal denies.

25. Way Interglobal does not infringe, has not infringed, directly or indirectly, by inducement or otherwise, any valid or enforceable claim of the ’978 Patent.

26. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the alleged infringement of the ’978 Patent.

27. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that it does not infringe, directly or indirectly, the ’978 Patent.

28. This case is exceptional, and Way Interglobal is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.

**Fourth Counterclaim - Declaratory Judgment of Invalidity of the '978 Patent**

29. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.

30. The '978 Patent is invalid for failure to comply with one or more of the requirements of patentability as set forth in Title 35 of the United States Code or the rules, regulations, and laws related thereto, including without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

31. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the validity of the '978 Patent.

32. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that the '978 Patent is invalid.

33. This case is exceptional, and Way Interglobal is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**Fifth Counterclaim - Declaratory Judgment of Non-Infringement of the '979 Patent**

34. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.

35. The '979 Patent was issued by the United States Patent and Trademark Office and Furrion claims to own all rights in and to this patent.

36. By its Complaint, Furrion has asserted that Way Interglobal infringes the '979 Patent, which allegations Way Interglobal denies.

37. Way Interglobal does not infringe, has not infringed, directly or indirectly, by inducement or otherwise, any valid or enforceable claim of the '979 Patent.

38. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the alleged infringement of the ’979 Patent.

39. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that it does not infringe, directly or indirectly, the ’979 Patent.

40. This case is exceptional, and Way Interglobal is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.

**Sixth Counterclaim - Declaratory Judgment of Invalidity of the ‘979 Patent**

41. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.

42. The ‘979 Patent is invalid for failure to comply with one or more of the requirements of patentability as set forth in Title 35 of the United States Code or the rules, regulations, and laws related thereto, including without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

43. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the validity of the ’979 Patent.

44. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that the ’979 Patent is invalid.

45. This case is exceptional, and Way Interglobal is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.

**Seventh Counterclaim - Declaratory Judgment of Non-Infringement of the ‘990 Patent**

46. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.

47. The ’990 Patent was issued by the United States Patent and Trademark Office and Furrion claims to own all rights in and to this patent.

48. By its Complaint, Furrion has asserted that Way Interglobal infringes the ’990 Patent, which allegations Way Interglobal denies.

49. Way Interglobal does not infringe, has not infringed, directly or indirectly, by inducement or otherwise, any valid or enforceable claim of the ’990 Patent.

50. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the alleged infringement of the ’990 Patent.

51. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that it does not infringe, directly or indirectly, the ’990 Patent.

52. This case is exceptional, and Way Interglobal is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.

**Eighth Counterclaim - Declaratory Judgment of Invalidity of the ‘990 Patent**

53. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.

54. The ‘990 Patent is invalid for failure to comply with one or more of the requirements of patentability as set forth in Title 35 of the United States Code or the rules, regulations, and laws related thereto, including without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

55. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the validity of the ’990 Patent.

56. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that the ’990 Patent is invalid.

57. This case is exceptional, and Way Interglobal is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.

**Reservation of Additional Counterclaims**

Way Interglobal notes that discovery in this case has not yet begun and Way Interglobal continues to investigate all allegations set forth in the Complaint. Way Interglobal therefore reserves the right to add, delete, or modify its Answer, Affirmative Defenses, and Counterclaims as additional facts, analysis, legal theories, or information becomes known as allowed by the Federal and Local rules, and the standing orders of this Court.

**DEMAND FOR JURY TRIAL**

Under Rule 38 of the Federal Rules of Civil Procedure, Way Interglobal hereby demands a trial by jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Way Interglobal prays that this Court:

a) Dismiss Furrion’s Complaint in its entirety with prejudice;
b) Deny any injunction sought by Furrion;
c) Hold that Furrion has violated Indiana § 24-11-3-1;
d) Hold that Furrion is not entitled to any relief, whether in law or equity or otherwise, from its suit against Way Interglobal;

e) Declare that the ‘038 Patent, ‘978 Patent, ‘979 Patent, and ‘990 Patent are invalid;

f) Declare that Way Interglobal does not infringe and has never infringed, either directly or indirectly, any valid claim of the ’038 Patent, ’978 Patent, ’979 Patent, and ’990 Patent ;

g) Enjoin Furrion its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to assert the ’038 Patent, ’978 Patent, ’979 Patent, and ’990 Patent against Way Interglobal or any parents, affiliates, or subsidiaries of Way Interglobal or their respective officers, agents, employees, successors, and assigns;

h) Enter an order finding that this case is exceptional and awarding Way Interglobal its respective costs and expenses, including reasonable attorneys’ fees, in accordance with the provisions of 35 U.S.C. § 285; and

i) Award any and all other relief, in law or in equity, to which the Court finds Way Interglobal is justly entitled.

Dated: October 17, 2019

Respectfully submitted,

*/s/ Garrick T. Lankford*

Garrick T. Lankford
glankford@bhlawyers.net
Michael D. Marston
mmarston@bhlawyers.net
**BOTKIN & HALL, LLP**
1003 N. Hickory Road
South Bend, IN 46615
Phone: (574) 234-3900
Facsimile: (574) 236-2839
*Attorneys for Defendant Way Interglobal Network, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system on October 17, 2019, which will send notification of such filing to all parties of record.

*/s/ Garrick T. Lankford*
Garrick T. Lankford
glankford@bhlawyers.net
Michael D. Marston
mmarston@bhlawyers.net
**BOTKIN & HALL, LLP**
1003 N. Hickory Road
South Bend, IN 46615
Phone: (574) 234-3900
Facsimile: (574) 236-2839
*Attorneys for Defendant Way Interglobal Network, LLC*