**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| FURRION PROPERTY HOLDING LIMITED, a Hong Kong Limited Company, and FURRION LIMITED, a Hong Kong Limited Company;<br><br>Plaintiffs,<br><br>v.<br><br>WAY INTERGLOBAL NETWORK, LLC, an Indiana Limited Liability Company;<br><br>Defendant. | CASE NO. 3:19-cv-00566-PPS-MGG |

## ANSWER TO COUNTERCLAIMS

Plaintiffs/Counterclaim Defendants Furrion Property Holding Limited and Furrion Limited (collectively "Furrion") submit their Answer to the Counterclaims filed by Defendant/Counterclaimant Way Interglobal Network, LLC ("Way Interglobal"). Furrion's reproduction herein of any material set forth in Way Interglobal's Counterclaims is solely for the purpose of convenience and is not, and should not be construed as, an admission by Furrion that any allegations or other statements in the Counterclaims, whether explicit or implied, are true, correct, or admitted by Furrion. All allegations in Way Interglobal's Counterclaims that Furrion does not expressly admit or deny, below, are hereby denied.

## PARTIES

**1. Counterclaimant Way Interglobal is an Indiana corporation organized and existing under the laws of the State of Indiana having its principal place of business located at 3002 Coast Ct., Elkhart, IN 46514.**

ANSWER: Furrion is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies them.

**2. Upon information and belief, Furrion Property Holding Limited is a Hong Kong Limited Company having its principal place of business at Units 503c & 505-508, Level 5, Core D, Cyberport 3, 100 Cyberport Road, HK, and Furrion Limited is a Hong Kong Limited Company having its principal place of business at Units 503c & 505-508, Level 5, Core D, Cyberport 3, 100 Cyberport Road, HK**.

ANSWER: Furrion admits the allegations in Paragraph 2.

## JURISDICTION AND VENUE

**3. This is an action under the Patent Act, 35 U.S.C. §§ 1, *et seq.* and the Lanham Act, 15 U.S.C.§§ 1051, *et seq* and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* seeking declaratory judgment of non-infringement, invalidity, and unenforceability of United States Design Patent Nos. D839,038 ("the '038 Patent"), D851,978 ("the '978 Patent"), D851,979 ("the '979 Patent"), and D851,990 ("the '990 Patent") (collectively, the "Furrion Design Patents").**

ANSWER: Furrion admits that Way Interglobal purports to bring an action for declaratory judgment "under the Patent Act, 35 U.S.C. §§ 1, *et seq.* and the Lanham Act, 15 U.S.C.§§ 1051, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*" Furrion denies any remaining allegations in Paragraph 3.

**4. This Court has subject matter jurisdiction over these claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.**

ANSWER: Furrion admits that this Court "has subject matter jurisdiction over these claims," except that Furrion denies the merit and validity of any of Way Interglobal's Counterclaims for which subject matter jurisdiction may be had. Furrion denies any remaining allegations in Paragraph 4.

**5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (d), 28 U.S.C. § 1400(b), and 28 U.S.C. § 94(a)(2).**

ANSWER: Furrion admits that venue is proper in this district. Furrion denies any remaining allegations in Paragraph 5.

**6. This Court has personal jurisdiction over Furrion, and venue is proper in this judicial district because Furrion conducts business in this district and has availed itself**

**of this Court's jurisdiction by commencing its action for patent infringement in this judicial district, as set forth in its Complaint.**

ANSWER: The statements in Paragraph 6 are conclusions of law, rather than statements of fact, to which no response is required. To the extent a response is required, Furrion does not contest that, for purposes of this lawsuit, this Court has personal jurisdiction over it, but Furrion denies the merit and validity of any of Way Interglobal's claims for which personal jurisdiction may be had or on which personal jurisdiction may be based. Furrion denies any remaining allegations in Paragraph 6.

## FACTUAL ALLEGATIONS

**7. On July 24, 2019, Furrion filed a Complaint (Dkt. 1) against Way Interglobal claiming patent infringement of the Furrion Design Patents, trademark infringement of U.S. Registration Nos. 5,595,145, 5,487,459, 5,595,144, and 4,563,947, and unfair competition.**

ANSWER: Furrion admits that it has brought claims for patent infringement, trademark infringement, and unfair competition against Way Interglobal, as set forth in Furrion's Complaint. *See* Dkt. No. 1.

**8. Way Interglobal denies infringement and unfair competition allegations and disputes the validity of the Furrion Design Patents.**

ANSWER: Furrion admits that Way Interglobal has filed an Answer to Furrion's Complaint, that Way Interglobal has denied Furrion's infringement and unfair competition allegations, and that it has alleged that the Furrion Design Patents are invalid; but Furrion affirmatively states that the Furrion Design Patents are valid and enforceable and are infringed by Way Interglobal, and that Way Interglobal has engaged in unfair competition, as set forth in Furrion's Complaint. *See* Dkt. No. 1. Furrion denies any remaining allegations in Paragraph 8.

**9. An actual and justiciable controversy exists between Way Interglobal and Furrion concerning the infringement and validity of the Furrion Design Patents**.

ANSWER: Furrion admits that "[a]n actual and justiciable controversy exists between" it and Way Interglobal. Furrion denies any remaining allegations in Paragraph 9.

## FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '038 PATENT

**10. Way Interglobal re-alleges and fully incorporates the preceding Paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 10, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion's Complaint and in its answers to Paragraphs 1-9, above.

**11. The '038 Patent was issued by the United States Patent and Trademark Office and Furrion claims to own all rights in and to this patent.**

ANSWER: Furrion admits that the U.S. Patent and Trademark Office issued the '038 Patent, that Furrion Property Holding Limited is the assignee of the '038 Patent, and that Furrion Limited is the exclusive licensee of and owns all substantial rights in the '038 Patent.

**12. By its Complaint, Furrion has asserted that Way Interglobal infringes the '038 Patent, which allegations Way Interglobal denies.**

ANSWER: Furrion admits that it has brought claims for infringement of the '038 Patent against Way Interglobal, as set forth in Furrion's Complaint (Dkt. No. 1), and that Way Interglobal has answered Furrion's Complaint (Dkt. No. 28) and denied infringing the '038 Patent.

**13. Way Interglobal does not infringe, has not infringed, directly or indirectly, by inducement or otherwise, any valid or enforceable claim of the '038 Patent.**

ANSWER: Furrion denies the allegations in Paragraph 13 and affirmatively states that the '038 Patent is valid and enforceable and is infringed by Way Interglobal, as set forth in Furrion's Complaint (Dkt. No. 1).

**14. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the alleged infringement of the '038 Patent.**

ANSWER: Furrion admits that "an actual and justiciable controversy has arisen between" it and Way Interglobal regarding infringement of the '038 Patent.

**15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that it does not infringe, directly or indirectly, the '038 Patent.**

ANSWER: Furrion denies the allegations in Paragraph 15.

**16. This case is exceptional, and Way Interglobal is entitled to an award of attorneys' fees under 35 U.S.C. § 285.**

ANSWER: Furrion admits that this case is exceptional under 35 U.S.C. § 285 due to Way Interglobal's willful infringement as set forth in Furrion's Complaint. *See* Dkt. No. 1, ¶¶ 42, 48, 54, 60. Furrion denies the remaining allegations in Paragraph 16.

## SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '038 PATENT

**17. Way Interglobal re-alleges and fully incorporates the preceding Paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 17, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion's Complaint and in its answers to Paragraphs 1-16, above.

**18. The '038 Patent is invalid for failure to comply with one or more of the requirements of patentability as set forth in Title 35 of the United States Code or the rules, regulations, and laws related thereto, including without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.**

ANSWER: Furrion denies the allegations in Paragraph 18 and affirmatively states that the '038 Patent is valid and enforceable, and is infringed by Way Interglobal, as set forth in Furrion's Complaint. *See* Dkt. No. 1.

**19. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the validity of the ’038 Patent.**

ANSWER: Furrion admits that “an actual and justiciable controversy has arisen between” it and Way Interglobal. Furrion denies any remaining allegations in Paragraph 19.

**20. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that the ’038 Patent is invalid.**

ANSWER: Furrion denies the allegations in Paragraph 15.

**21. This case is exceptional, and Way Interglobal is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.**

ANSWER: Furrion admits that this case is exceptional under 35 U.S.C. § 285 due to Way Interglobal’s willful infringement as set forth in Furrion’s Complaint. *See* Dkt. No. 1, ¶¶ 42, 48, 54, 60. Furrion denies the remaining allegations in Paragraph 21.

## THIRD COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ‘978 PATENT

**22. Way Interglobal re-alleges and fully incorporates the preceding Paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 22, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion’s Complaint and in its answers to Paragraphs 1-21, above.

**23. The ’978 Patent was issued by the United States Patent and Trademark Office and Furrion claims to own all rights in and to this patent.**

ANSWER: Furrion admits that the U.S. Patent and Trademark Office issued the ’978 Patent, that Furrion Property Holding Limited is the assignee of the ’978 Patent, and that Furrion Limited is the exclusive licensee of and owns all substantial rights in the ’978 Patent.

**24. By its Complaint, Furrion has asserted that Way Interglobal infringes the ’978 Patent, which allegations Way Interglobal denies.**

ANSWER: Furrion admits that it has brought claims for infringement of the '978 Patent against Way Interglobal, as set forth in Furrion's Complaint (Dkt. No. 1), and that Way Interglobal has answered Furrion's Complaint (Dkt. No. 28) and denied infringing the '978 Patent.

**25. Way Interglobal does not infringe, has not infringed, directly or indirectly, by inducement or otherwise, any valid or enforceable claim of the '978 Patent.**

ANSWER: Furrion denies the allegations in Paragraph 25 and affirmatively states that the '978 Patent is valid and enforceable and is infringed by Way Interglobal, as set forth in Furrion's Complaint. (Dkt. No. 1).

**26. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the alleged infringement of the '978 Patent.**

ANSWER: Furrion admits that "an actual and justiciable controversy has arisen between" it and Way Interglobal regarding infringement of the '978 Patent.

**27. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that it does not infringe, directly or indirectly, the '978 Patent.**

ANSWER: Furrion denies the allegations in Paragraph 27.

**28. This case is exceptional, and Way Interglobal is entitled to an award of attorneys' fees under 35 U.S.C. § 285.**

ANSWER: Furrion admits that this case is exceptional under 35 U.S.C. § 285 due to Way Interglobal's willful infringement as set forth in Furrion's Complaint. *See* Dkt. No. 1, ¶¶ 42, 48, 54, 60. Furrion denies the remaining allegations in Paragraph 28.

## FOURTH COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '978 PATENT

**29. Way Interglobal re-alleges and fully incorporates the preceding Paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 29, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion's Complaint and in its answers to Paragraphs 1-28, above.

**30. The '978 Patent is invalid for failure to comply with one or more of the requirements of patentability as set forth in Title 35 of the United States Code or the rules, regulations, and laws related thereto, including without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.**

ANSWER: Furrion denies the allegations in Paragraph 30 and affirmatively states that the '978 Patent is valid and enforceable, and is infringed by Way Interglobal, as set forth in Furrion's Complaint. *See* Dkt. No. 1.

**31. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the validity of the '978 Patent.**

ANSWER: Furrion admits that "an actual and justiciable controversy has arisen between" it and Way Interglobal. Furrion denies any remaining allegations in Paragraph 31.

**32. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that the '978 Patent is invalid.**

ANSWER: Furrion denies the allegations in Paragraph 32.

**33. This case is exceptional, and Way Interglobal is entitled to an award of attorneys' fees under 35 U.S.C. § 285**.

ANSWER: Furrion admits that this case is exceptional under 35 U.S.C. § 285 due to Way Interglobal's willful infringement as set forth in Furrion's Complaint. *See* Dkt. No. 1, ¶¶ 42, 48, 54, 60. Furrion denies the remaining allegations in Paragraph 33.

**FIFTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '979 PATENT**

**34. Way Interglobal re-alleges and fully incorporates the preceding Paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 34, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion's Complaint and in its answers to Paragraphs 1-33, above.

**35. The '979 Patent was issued by the United States Patent and Trademark Office and Furrion claims to own all rights in and to this patent.**

ANSWER: Furrion admits that the U.S. Patent and Trademark Office issued the '979 Patent, that Furrion Property Holding Limited is the assignee of the '979 Patent, and that Furrion Limited is the exclusive licensee of and owns all substantial rights in the '979 Patent.

**36. By its Complaint, Furrion has asserted that Way Interglobal infringes the '979 Patent, which allegations Way Interglobal denies.**

ANSWER: Furrion admits that it has brought claims for infringement of the '979 Patent against Way Interglobal, as set forth in Furrion's Complaint (Dkt. No. 1), and that Way Interglobal has answered Furrion's Complaint (Dkt. No. 28) and denied infringing the '979 Patent.

**37. Way Interglobal does not infringe, has not infringed, directly or indirectly, by inducement or otherwise, any valid or enforceable claim of the '979 Patent.**

ANSWER: Furrion denies the allegations in Paragraph 37 and affirmatively states that the '979 Patent is valid and enforceable and is infringed by Way Interglobal, as set forth in Furrion's Complaint. (Dkt. No. 1).

**38. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the alleged infringement of the '979 Patent.**

ANSWER: Furrion admits that "an actual and justiciable controversy has arisen between" it and Way Interglobal regarding infringement of the '979 Patent.

**39. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that it does not infringe, directly or indirectly, the '979 Patent.**

ANSWER: Furrion denies the allegations in Paragraph 39.

**40. This case is exceptional, and Way Interglobal is entitled to an award of attorneys' fees under 35 U.S.C. § 285.**

ANSWER: Furrion admits that this case is exceptional under 35 U.S.C. § 285 due to Way Interglobal's willful infringement as set forth in Furrion's Complaint. *See* Dkt. No. 1, ¶¶ 42, 48, 54, 60. Furrion denies the remaining allegations in Paragraph 40.

**SIXTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '979 PATENT**

**41. Way Interglobal re-alleges and fully incorporates the preceding Paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 41, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion's Complaint and in its answers to Paragraphs 1-40, above.

**42. The '979 Patent is invalid for failure to comply with one or more of the requirements of patentability as set forth in Title 35 of the United States Code or the rules, regulations, and laws related thereto, including without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.**

ANSWER: Furrion denies the allegations in Paragraph 42 and affirmatively states that the '979 Patent is valid and enforceable, and is infringed by Way Interglobal, as set forth in Furrion's Complaint. *See* Dkt. No. 1.

**43. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the validity of the '979 Patent.**

ANSWER: Furrion admits that "an actual and justiciable controversy has arisen between" it and Way Interglobal. Furrion denies any remaining allegations in Paragraph 43.

**44. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that the '979 Patent is invalid.**

ANSWER: Furrion denies the allegations in Paragraph 44.

**45. This case is exceptional, and Way Interglobal is entitled to an award of attorneys' fees under 35 U.S.C. § 285.**

ANSWER: Furrion admits that this case is exceptional under 35 U.S.C. § 285 due to Way Interglobal's willful infringement as set forth in Furrion's Complaint. *See* Dkt. No. 1, ¶¶ 42, 48, 54, 60. Furrion denies the remaining allegations in Paragraph 45.

**SEVENTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '990 PATENT**

**46. Way Interglobal re-alleges and fully incorporates the preceding Paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 46, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion's Complaint and in its answers to Paragraphs 1-45, above.

**47. The '990 Patent was issued by the United States Patent and Trademark Office and Furrion claims to own all rights in and to this patent.**

ANSWER: Furrion admits that the U.S. Patent and Trademark Office issued the '990 Patent, that Furrion Property Holding Limited is the assignee of the '990 Patent, and that Furrion Limited is the exclusive licensee of and owns all substantial rights in the '990 Patent.

**48. By its Complaint, Furrion has asserted that Way Interglobal infringes the '990 Patent, which allegations Way Interglobal denies.**

ANSWER: Furrion admits that it has brought claims for infringement of the '990 Patent against Way Interglobal, as set forth in Furrion's Complaint (Dkt. No. 1), and that Way Interglobal has answered Furrion's Complaint (Dkt. No. 28) and denied infringing the '990 Patent.

**49. Way Interglobal does not infringe, has not infringed, directly or indirectly, by inducement or otherwise, any valid or enforceable claim of the '990 Patent.**

ANSWER: Furrion denies the allegations in Paragraph 49 and affirmatively states that the ’990 Patent is valid and enforceable and is infringed by Way Interglobal, as set forth in Furrion’s Complaint. (Dkt. No. 1).

**50. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the alleged infringement of the ’990 Patent.**

ANSWER: Furrion admits that “an actual and justiciable controversy has arisen between” it and Way Interglobal regarding infringement of the ’990 Patent.

**51. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that it does not infringe, directly or indirectly, the ’990 Patent.**

ANSWER: Furrion denies the allegations in Paragraph 51.

**52. This case is exceptional, and Way Interglobal is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.**

ANSWER: Furrion admits that this case is exceptional under 35 U.S.C. § 285 due to Way Interglobal’s willful infringement as set forth in Furrion’s Complaint. *See* Dkt. No. 1, ¶¶ 42, 48, 54, 60. Furrion denies the remaining allegations in Paragraph 52.

## EIGHTH COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY OF THE ‘990 PATENT

**53. Way Interglobal re-alleges and fully incorporates the preceding Paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 53, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion’s Complaint and in its answers to Paragraphs 1-52, above.

**54. The ‘990 Patent is invalid for failure to comply with one or more of the requirements of patentability as set forth in Title 35 of the United States Code or the rules, regulations, and laws related thereto, including without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.**

ANSWER: Furrion denies the allegations in Paragraph 54 and affirmatively states that the ’990 Patent is valid and enforceable, and is infringed by Way Interglobal, as set forth in Furrion’s Complaint. *See* Dkt. No. 1.

**55. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the validity of the ’990 Patent.**

ANSWER: Furrion admits that “an actual and justiciable controversy has arisen between” it and Way Interglobal. Furrion denies any remaining allegations in Paragraph 55.

**56. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that the ’990 Patent is invalid.**

ANSWER: Furrion denies the allegations in Paragraph 56.

**57. This case is exceptional, and Way Interglobal is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.**

ANSWER: Furrion admits that this case is exceptional under 35 U.S.C. § 285 due to Way Interglobal’s willful infringement as set forth in Furrion’s Complaint. *See* Dkt. No. 1, ¶¶ 42, 48, 54, 60. Furrion denies the remaining allegations in Paragraph 57.

## GENERAL DENIAL

Furrion denies each and every allegation, matter, or thing contained in Way Interglobal’s Counterclaims, express or implied, not expressly admitted herein.

## WAY INTERGLOBAL’S RESERVATION OF ADDITIONAL COUNTERCLAIMS

Furrion does not believe any response is required for Way Interglobal’s Reservation of Additional Counterclaims. To the extent a response is required, Furrion denies that Way Interglobal has an ongoing right to add, delete, or modify its Answer, Affirmative Defenses, and Counterclaims, without leave of the Court and pursuant to the Federal Rules of Civil Procedure.

**FURRION'S PRAYER FOR RELIEF**

In response to Way Interglobal's Prayer for Relief, Furrion respectfully requests that this Court deny in all respects Way Interglobal's counterclaims and other requests for relief, that Way Interglobal take nothing by way of its counterclaims and other requests for relief, and that Way Interglobal's counterclaims be dismissed with prejudice; and that the Court enter a judgment in favor of Furrion on all counterclaims asserted by Way Interglobal.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Furrion demands a trial by jury on all issues triable by jury.

Date: November 7, 2019

Respectfully submitted,

/s/ Andrew M. McCoy

**FAEGRE BAKER DANIELS LLP**
Andrew M. McCoy (#28297-49)
andrew.mccoy@faegrebd.com
300 N. Meridian St., Suite 2700
Indianapolis, IN 46204
Tel: (317) 237-0300
Fax: (317) 237-1000

Jared B. Briant (*pro hac vice*)
jared.briant@faegrebd.com
1144 15th St., Suite 2400
Denver, CO 80202
Tel: (303) 607-3500
Fax: (303) 607-3600

***Counsel for Plaintiff Furrion Property Holding Limited and Furrion Limited***

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 7, 2019, the foregoing Answer to Counterclaims was filed with the Court via the Court's CM/ECF system, which sends a Notice of Electronic Filing to registered CM/ECF users. Pursuant to N.D. Ind. L.R. 5-2, this constitutes service on the following counsel of record, who are registered CM/ECF users:

Garrick T. Lankford
glankford@bhlawyers.net
Michael D. Marston
mmarston@bhlawyers.net
**BOTKIN & HALL, LLP**
1003 N. Hickory Road
South Bend, IN 46615
Phone: (574) 234-3900
Facsimile: (574) 236-2839

/s/ *Andrew M. McCoy*