**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| FURRION PROPERTY HOLDING LIMITED, a Hong Kong Limited Company, and FURRION LIMITED, a Hong Kong Limited Company;<br><br>Plaintiffs,<br><br>v.<br><br>WAY INTERGLOBAL NETWORK, LLC, an Indiana Limited Liability Company;<br><br>Defendant. | CASE NO. 3:19-cv-00566-PPS-MGG |

# ANSWER TO COUNTERCLAIMS

Plaintiffs/Counterclaim Defendants Furrion Property Holding Limited and Furrion Limited (collectively "Furrion") submit their Answer to the Counterclaims filed by Defendant-Counterclaimant Way Interglobal Network, LLC ("Way Interglobal") on February 21, 2020. Furrion's reproduction herein of any material set forth in Way Interglobal's Counterclaims is solely for the purpose of convenience and is not, and should not be construed as, an admission by Furrion that any allegations or other statements in the Counterclaims, whether explicit or implied, are true, correct, or admitted by Furrion. All allegations in Way Interglobal's Counterclaims that Furrion does not expressly admit or deny, below, are hereby denied.

## PARTIES

**1. Counterclaimant Way Interglobal is an Indiana corporation organized and existing under the laws of the State of Indiana having its principal place of business located at 3002 Coast Ct., Elkhart, IN 46514.**

ANSWER: Furrion is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies them.

**2. Upon information and belief, Furrion Property Holding Limited is a Hong Kong Limited Company having its principal place of business at Units 503c & 505-508, Level 5, Core D, Cyberport 3, 100 Cyberport Road, HK, and Furrion Limited is a Hong Kong Limited Company having its principal place of business at Units 503c & 505-508, Level 5, Core D, Cyberport 3, 100 Cyberport Road, HK**.

ANSWER: Furrion admits the allegations in Paragraph 2.

## JURISDICTION AND VENUE

**3. This is an action under the Patent Act, 35 U.S.C. §§ 1, *et seq.* and the Lanham Act, 15 U.S.C.§§ 1051, *et seq* and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* seeking declaratory judgment of non-infringement, invalidity, and unenforceability of United States Design Patent Nos. D839,038 ("the '038 Patent"), D851,978 ("the '978 Patent"), D851,979 ("the '979 Patent"), and D851,990 ("the '990 Patent"), D872,516 ("the '516 Patent"), and United States Utility Patent No. 10,527,292 (collectively, the "Furrion Patents").**

ANSWER: Furrion admits that Way Interglobal purports to bring an action for declaratory judgment "under the Patent Act, 35 U.S.C. §§ 1, *et seq.* and the Lanham Act, 15 U.S.C.§§ 1051, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*" Furrion denies any remaining allegations in Paragraph 3.

**4. This Court has subject matter jurisdiction over these claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.**

ANSWER: Furrion admits that this Court "has subject matter jurisdiction over these claims," except that Furrion denies the merit and validity of any of Way Interglobal's Counterclaims for which subject matter jurisdiction may be had. Furrion denies any remaining allegations in Paragraph 4.

**5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (d), 28 U.S.C. § 1400(b), and 28 U.S.C. § 94(a)(2).**

ANSWER: Furrion admits that venue is proper in this district. Furrion denies any remaining allegations in Paragraph 5.

**6. This Court has personal jurisdiction over Furrion, and venue is proper in this judicial district because Furrion conducts business in this district and has availed itself**

**of this Court's jurisdiction by commencing its action for patent infringement in this judicial district, as set forth in its FAC.**

ANSWER: The statements in Paragraph 6 are conclusions of law, rather than statements of fact, to which no response is required. To the extent a response is required, Furrion does not contest that, for purposes of this lawsuit, this Court has personal jurisdiction over it, but Furrion denies the merit and validity of any of Way Interglobal's claims for which personal jurisdiction may be had or on which personal jurisdiction may be based. Furrion denies any remaining allegations in Paragraph 6.

## FACTUAL ALLEGATIONS

**7. On July 24, 2019, Furrion filed a Complaint (Dkt. 1) against Way Interglobal claiming patent infringement of the Furrion Patents, trademark infringement of U.S. Registration Nos. 5,595,145, 5,487,459, 5,595,144, and 4,563,947, and unfair competition.**

ANSWER: Furrion admits that it has asserted claims for patent infringement, trademark infringement, and unfair competition against Way Interglobal, as set forth in Furrion's Complaint. *See* Dkt. No. 1.

**8. On February 7, 2020, Furrion filed the FAC (Dkt. 42), which re-alleged the same claims as the Complaint, but included claims for recently issued patents D872,516 and 10,527,292, and allegations of copyright infringement, state and common law claims.**

ANSWER: Furrion admits that it has asserted claims for patent infringement, trademark infringement, copyright infringement, and unfair competition against Way Interglobal, as set forth in Furrion's First Amended Complaint. *See* Dkt. No. 42.

**9. Way Interglobal denies all of Furrion's allegations.**

ANSWER: Furrion admits that Way Interglobal has filed an Answer to Furrion's First Amended Complaint and that Way Interglobal has denied all of Furrion's allegations. Furrion denies any remaining allegations in Paragraph 9.

**10. An actual and justiciable controversy exists between Way Interglobal and Furrion concerning the infringement and validity of the Furrion Design Patents**.

ANSWER: Furrion admits that "[a]n actual and justiciable controversy exists between" it and Way Interglobal. Furrion denies any remaining allegations in Paragraph 10.

**FIRST COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '038 PATENT**

**11. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 11, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion's First Amended Complaint and in its answers to Paragraphs 1-10, above.

**12. The '038 Patent was issued by the United States Patent and Trademark Office and Furrion claims to own all rights in and to this patent.**

ANSWER: Furrion admits that the U.S. Patent and Trademark Office issued the '038 Patent, that Furrion Property Holding Limited is the assignee of the '038 Patent, and that Furrion Limited is the exclusive licensee of and owns all substantial rights in the '038 Patent.

**13. By its Complaint and FAC, Furrion has asserted that Way Interglobal infringes the '038 Patent, which allegations Way Interglobal denies.**

ANSWER: Furrion admits that it has asserted claims for infringement of the '038 Patent against Way Interglobal, as set forth in Furrion's Complaint (Dkt. No. 1) and First Amended Complaint (Dkt. No. 42), and that Way Interglobal has answered Furrion's Complaint (Dkt. No. 28) and answered Furrion's First Amended Complaint (Dkt. No. 43) and denied infringing the '038 Patent.

**14. Way Interglobal does not infringe, has not infringed, directly or indirectly, by inducement or otherwise, any valid or enforceable claim of the '038 Patent.**

ANSWER: Furrion denies the allegations in Paragraph 14 and affirmatively states that the ’038 Patent is valid and enforceable and is infringed by Way Interglobal, as set forth in Furrion’s First Amended Complaint (Dkt. No. 42).

**15. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the alleged infringement of the ’038 Patent.**

ANSWER: Furrion admits that “an actual and justiciable controversy has arisen between” it and Way Interglobal regarding infringement of the ’038 Patent.

**16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that it does not infringe, directly or indirectly, the ’038 Patent.**

ANSWER: Furrion denies the allegations in Paragraph 16.

**17. This case is exceptional, and Way Interglobal is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.**

ANSWER: Furrion states that this case is exceptional under 35 U.S.C. § 285 due to Way Interglobal’s willful infringement as set forth in Furrion’s First Amended Complaint. *See* Dkt. No. 42, ¶¶ 42, 46, 48-49. Furrion denies the remaining allegations in Paragraph 17.

**SECOND COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE ‘038 PATENT**

**18. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 18, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion’s First Amended Complaint and in its answers to Paragraphs 1-17, above.

**19. The ‘038 Patent is invalid for failure to comply with one or more of the requirements of patentability as set forth in Title 35 of the United States Code or the rules, regulations, and laws related thereto, including without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.**

ANSWER: Furrion denies the allegations in Paragraph 19 and affirmatively states that the ’038 Patent is valid and enforceable, and is infringed by Way Interglobal, as set forth in Furrion’s First Amended Complaint. *See* Dkt. No. 42.

**20. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the validity of the ’038 Patent.**

ANSWER: Furrion admits that “an actual and justiciable controversy has arisen between” it and Way Interglobal. Furrion denies any remaining allegations in Paragraph 20.

**21. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that the ’038 Patent is invalid.**

ANSWER: Furrion denies the allegations in Paragraph 21.

**22. This case is exceptional, and Way Interglobal is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.**

ANSWER: Furrion states that this case is exceptional under 35 U.S.C. § 285 due to Way Interglobal’s willful infringement as set forth in Furrion’s First Amended Complaint. *See* Dkt. No. 42, ¶¶ 42, 46, 48-49. Furrion denies the remaining allegations in Paragraph 22.

## THIRD COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ‘978 PATENT

**23. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 23, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion’s First Amended Complaint and in its answers to Paragraphs 1-22, above.

**24. The ’978 Patent was issued by the United States Patent and Trademark Office and Furrion claims to own all rights in and to this patent.**

ANSWER: Furrion admits that the U.S. Patent and Trademark Office issued the '978 Patent, that Furrion Property Holding Limited is the assignee of the '978 Patent, and that Furrion Limited is the exclusive licensee of and owns all substantial rights in the '978 Patent.

**25. By its Complaint and FAC, Furrion has asserted that Way Interglobal infringes the '978 Patent, which allegations Way Interglobal denies.**

ANSWER: Furrion admits that it has asserted claims for infringement of the '978 Patent against Way Interglobal, as set forth in Furrion's Complaint (Dkt. No. 1) and Frist Amended Complaint (Dkt. No. 42), and that Way Interglobal has answered Furrion's Complaint (Dkt. No. 28) and answered the First Amended Complaint (Dkt. No. 43) and has denied infringing the '978 Patent.

**26. Way Interglobal does not infringe, has not infringed, directly or indirectly, by inducement or otherwise, any valid or enforceable claim of the '978 Patent.**

ANSWER: Furrion denies the allegations in Paragraph 26 and affirmatively states that the '978 Patent is valid and enforceable and is infringed by Way Interglobal, as set forth in Furrion's First Amended Complaint. (Dkt. No. 42).

**27. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the alleged infringement of the '978 Patent.**

ANSWER: Furrion admits that "an actual and justiciable controversy has arisen between" it and Way Interglobal regarding infringement of the '978 Patent.

**28. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that it does not infringe, directly or indirectly, the '978 Patent.**

ANSWER: Furrion denies the allegations in Paragraph 28.

**29. This case is exceptional, and Way Interglobal is entitled to an award of attorneys' fees under 35 U.S.C. § 285.**

ANSWER: Furrion states that this case is exceptional under 35 U.S.C. § 285 due to Way Interglobal's willful infringement as set forth in Furrion's First Amended Complaint. *See* Dkt. No. 42, ¶¶ 42, 53, 55-56. Furrion denies the remaining allegations in Paragraph 29.

**FOURTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '978 PATENT**

**30. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 30, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion's First Amended Complaint and in its answers to Paragraphs 1-29, above.

**31. The '978 Patent is invalid for failure to comply with one or more of the requirements of patentability as set forth in Title 35 of the United States Code or the rules, regulations, and laws related thereto, including without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.**

ANSWER: Furrion denies the allegations in Paragraph 31 and affirmatively states that the '978 Patent is valid and enforceable, and is infringed by Way Interglobal, as set forth in Furrion's First Amended Complaint. *See* Dkt. No. 42.

**32. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the validity of the '978 Patent.**

ANSWER: Furrion admits that "an actual and justiciable controversy has arisen between" it and Way Interglobal. Furrion denies any remaining allegations in Paragraph 32.

**33. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that the '978 Patent is invalid.**

ANSWER: Furrion denies the allegations in Paragraph 33.

**34. This case is exceptional, and Way Interglobal is entitled to an award of attorneys' fees under 35 U.S.C. § 285**.

ANSWER: Furrion states that this case is exceptional under 35 U.S.C. § 285 due to Way Interglobal's willful infringement as set forth in Furrion's First Amended Complaint. *See* Dkt. No. 42, ¶¶ 42, 53, 55-56. Furrion denies the remaining allegations in Paragraph 34.

**FIFTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '979 PATENT**

**35. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 35, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion's First Amended Complaint and in its answers to Paragraphs 1-34, above.

**36. The '979 Patent was issued by the United States Patent and Trademark Office and Furrion claims to own all rights in and to this patent.**

ANSWER: Furrion admits that the U.S. Patent and Trademark Office issued the '979 Patent, that Furrion Property Holding Limited is the assignee of the '979 Patent, and that Furrion Limited is the exclusive licensee of and owns all substantial rights in the '979 Patent.

**37. By its Complaint and FAC, Furrion has asserted that Way Interglobal infringes the '979 Patent, which allegations Way Interglobal denies.**

ANSWER: Furrion admits that it has asserted claims for infringement of the '979 Patent against Way Interglobal, as set forth in Furrion's Complaint (Dkt. No. 1) and First Amended Complaint (Dkt. No. 42), and that Way Interglobal has answered Furrion's Complaint (Dkt. No. 28) and answered the First Amended Complaint (Dkt. No. 43) and has denied infringing the '979 Patent.

**38. Way Interglobal does not infringe, has not infringed, directly or indirectly, by inducement or otherwise, any valid or enforceable claim of the '979 Patent.**

ANSWER: Furrion denies the allegations in Paragraph 38 and affirmatively states that the ’979 Patent is valid and enforceable and is infringed by Way Interglobal, as set forth in Furrion’s First Amended Complaint. (Dkt. No. 42).

**39. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the alleged infringement of the ’979 Patent.**

ANSWER: Furrion admits that “an actual and justiciable controversy has arisen between” it and Way Interglobal regarding infringement of the ’979 Patent.

**40. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that it does not infringe, directly or indirectly, the ’979 Patent.**

ANSWER: Furrion denies the allegations in Paragraph 40.

**41. This case is exceptional, and Way Interglobal is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.**

ANSWER: Furrion states that this case is exceptional under 35 U.S.C. § 285 due to Way Interglobal’s willful infringement as set forth in Furrion’s First Amended Complaint. *See* Dkt. No. 42, ¶¶ 42, 60, 62-63. Furrion denies the remaining allegations in Paragraph 41.

## SIXTH COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY OF THE ‘979 PATENT

**42. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 42, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion’s First Amended Complaint and in its answers to Paragraphs 1-41, above.

**43. The ‘979 Patent is invalid for failure to comply with one or more of the requirements of patentability as set forth in Title 35 of the United States Code or the rules, regulations, and laws related thereto, including without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.**

ANSWER: Furrion denies the allegations in Paragraph 43 and affirmatively states that the '979 Patent is valid and enforceable, and is infringed by Way Interglobal, as set forth in Furrion's First Amended Complaint. *See* Dkt. No. 42.

**44. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the validity of the '979 Patent.**

ANSWER: Furrion admits that "an actual and justiciable controversy has arisen between" it and Way Interglobal. Furrion denies any remaining allegations in Paragraph 44.

**45. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that the '979 Patent is invalid.**

ANSWER: Furrion denies the allegations in Paragraph 45.

**46. This case is exceptional, and Way Interglobal is entitled to an award of attorneys' fees under 35 U.S.C. § 285.**

ANSWER: Furrion states that this case is exceptional under 35 U.S.C. § 285 due to Way Interglobal's willful infringement as set forth in Furrion's First Amended Complaint. *See* Dkt. No. 42, ¶¶ 42, 60, 62-63. Furrion denies the remaining allegations in Paragraph 46.

## SEVENTH COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '990 PATENT

**47. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 47, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion's First Amended Complaint and in its answers to Paragraphs 1-46, above.

**48. The '990 Patent was issued by the United States Patent and Trademark Office and Furrion claims to own all rights in and to this patent.**

ANSWER: Furrion admits that the U.S. Patent and Trademark Office issued the ’990 Patent, that Furrion Property Holding Limited is the assignee of the ’990 Patent, and that Furrion Limited is the exclusive licensee of and owns all substantial rights in the ’990 Patent.

**49. By its Complaint and FAC, Furrion has asserted that Way Interglobal infringes the ’990 Patent, which allegations Way Interglobal denies.**

ANSWER: Furrion admits that it has asserted claims for infringement of the ’990 Patent against Way Interglobal, as set forth in Furrion’s Complaint (Dkt. No. 1) and First Amended Complaint (Dkt. No. 42), and that Way Interglobal has answered Furrion’s Complaint (Dkt. No. 28) and answered the First Amended Complaint (Dkt. No. 43) and has denied infringing the ’990 Patent.

**50. Way Interglobal does not infringe, has not infringed, directly or indirectly, by inducement or otherwise, any valid or enforceable claim of the ’990 Patent.**

ANSWER: Furrion denies the allegations in Paragraph 50 and affirmatively states that the ’990 Patent is valid and enforceable and is infringed by Way Interglobal, as set forth in Furrion’s First Amended Complaint. (Dkt. No. 42).

**51. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the alleged infringement of the ’990 Patent.**

ANSWER: Furrion admits that “an actual and justiciable controversy has arisen between” it and Way Interglobal regarding infringement of the ’990 Patent.

**52. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that it does not infringe, directly or indirectly, the ’990 Patent.**

ANSWER: Furrion denies the allegations in Paragraph 52.

**53. This case is exceptional, and Way Interglobal is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.**

ANSWER: Furrion states that this case is exceptional under 35 U.S.C. § 285 due to Way Interglobal's willful infringement as set forth in Furrion's First Amended Complaint. *See* Dkt. No. 42, ¶¶ 42, 67, 69-70. Furrion denies the remaining allegations in Paragraph 53.

**EIGHTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '990 PATENT**

**54. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 54, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion's First Amended Complaint and in its answers to Paragraphs 1-53, above.

**55. The '990 Patent is invalid for failure to comply with one or more of the requirements of patentability as set forth in Title 35 of the United States Code or the rules, regulations, and laws related thereto, including without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.**

ANSWER: Furrion denies the allegations in Paragraph 55 and affirmatively states that the '990 Patent is valid and enforceable, and is infringed by Way Interglobal, as set forth in Furrion's First Amended Complaint. *See* Dkt. No. 42.

**56. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the validity of the '990 Patent.**

ANSWER: Furrion admits that "an actual and justiciable controversy has arisen between" it and Way Interglobal. Furrion denies any remaining allegations in Paragraph 56.

**57. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that the '990 Patent is invalid.**

ANSWER: Furrion denies the allegations in Paragraph 57.

**58. This case is exceptional, and Way Interglobal is entitled to an award of attorneys' fees under 35 U.S.C. § 285.**

ANSWER: Furrion states that this case is exceptional under 35 U.S.C. § 285 due to Way Interglobal's willful infringement as set forth in Furrion's First Amended Complaint. *See* Dkt. No. 1, ¶¶ 42, 67, 69-70. Furrion denies the remaining allegations in Paragraph 58.

**NINTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '516 PATENT**

**59. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 59, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion's First Amended Complaint and in its answers to Paragraphs 1-58, above.

**60. The '516 Patent was issued by the United States Patent and Trademark Office and Furrion claims to own all rights in and to this patent.**

ANSWER: Furrion admits that the U.S. Patent and Trademark Office issued the '516 Patent, that Furrion Property Holding Limited is the assignee of the '516 Patent, and that Furrion Limited is the exclusive licensee of and owns all substantial rights in the '516 Patent.

**61. By its Complaint, Furrion has asserted that Way Interglobal infringes the '516 Patent, which allegations Way Interglobal denies.**

ANSWER: Furrion admits that it has asserted claims for infringement of the '516 Patent against Way Interglobal, as set forth in Furrion's First Amended Complaint (Dkt. No. 42), and that Way Interglobal has answered Furrion's First Amended Complaint (Dkt. No. 43) and has denied infringing the '516 Patent.

**62. Way Interglobal does not infringe, has not infringed, directly or indirectly, by inducement or otherwise, any valid or enforceable claim of the '516 Patent.**

ANSWER: Furrion denies the allegations in Paragraph 62 and affirmatively states that the '516 Patent is valid and enforceable and is infringed by Way Interglobal, as set forth in Furrion's First Amended Complaint. (Dkt. No. 42).

**63. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the alleged infringement of the ’516 Patent.**

ANSWER: Furrion admits that “an actual and justiciable controversy has arisen between” it and Way Interglobal regarding infringement of the ’516 Patent.

**64. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that it does not infringe, directly or indirectly, the ’516 Patent.**

ANSWER: Furrion denies the allegations in Paragraph 64.

**65. This case is exceptional, and Way Interglobal is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.**

ANSWER: Furrion states that this case is exceptional under 35 U.S.C. § 285 due to Way Interglobal’s willful infringement as set forth in Furrion’s First Amended Complaint. *See* Dkt. No. 42, ¶¶ 42, 87, 89-90. Furrion denies the remaining allegations in Paragraph 65.

**TENTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE ‘516 PATENT**

**66. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 66, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion’s First Amended Complaint and in its answers to Paragraphs 1-65, above.

**67. The ‘516 Patent is invalid for failure to comply with one or more of the requirements of patentability as set forth in Title 35 of the United States Code or the rules, regulations, and laws related thereto, including without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.**

ANSWER: Furrion denies the allegations in Paragraph 67 and affirmatively states that the ’516 Patent is valid and enforceable, and is infringed by Way Interglobal, as set forth in Furrion’s First Amended Complaint. *See* Dkt. No. 42.

**68. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the validity of the ’516 Patent.**

ANSWER: Furrion admits that “an actual and justiciable controversy has arisen between” it and Way Interglobal. Furrion denies any remaining allegations in Paragraph 68.

**69. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that the ’516 Patent is invalid.**

ANSWER: Furrion denies the allegations in Paragraph 69.

**70. This case is exceptional, and Way Interglobal is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.**

ANSWER: Furrion states that this case is exceptional under 35 U.S.C. § 285 due to Way Interglobal’s willful infringement as set forth in Furrion’s First Amended Complaint. *See* Dkt. No. 1, ¶¶ 42, 87, 89-90. Furrion denies the remaining allegations in Paragraph 70.

## ELEVENTH COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ‘292 PATENT

**71. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 71, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion’s First Amended Complaint and in its answers to Paragraphs 1-70, above.

**72. The ’292 Patent was issued by the United States Patent and Trademark Office and Furrion claims to own all rights in and to this patent.**

ANSWER: Furrion admits that the U.S. Patent and Trademark Office issued the ’292 Patent, that Furrion Property Holding Limited is the assignee of the ’292 Patent, and that Furrion Limited is the exclusive licensee of and owns all substantial rights in the ’292 Patent.

**73. By its Complaint and FAC, Furrion has asserted that Way Interglobal infringes the ’292 Patent, which allegations Way Interglobal denies.**

ANSWER: Furrion admits that it has asserted claims for infringement of the ’292 Patent against Way Interglobal, as set forth in Furrion’s First Amended Complaint (Dkt. No. 42), and that Way Interglobal has answered Furrion’s First Amended Complaint (Dkt. No. 43) and has denied infringing the ’292 Patent.

**74. Way Interglobal does not infringe, has not infringed, directly or indirectly, by inducement or otherwise, any valid or enforceable claim of the ’292 Patent.**

ANSWER: Furrion denies the allegations in Paragraph 74 and affirmatively states that the ’292 Patent is valid and enforceable and is infringed by Way Interglobal, as set forth in Furrion’s First Amended Complaint. (Dkt. No. 42).

**75. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the alleged infringement of the ’292 Patent.**

ANSWER: Furrion admits that “an actual and justiciable controversy has arisen between” it and Way Interglobal regarding infringement of the ’292 Patent.

**76. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that it does not infringe, directly or indirectly, the ’292 Patent.**

ANSWER: Furrion denies the allegations in Paragraph 76.

**77. This case is exceptional, and Way Interglobal is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.**

ANSWER: Furrion states that this case is exceptional under 35 U.S.C. § 285 due to Way Interglobal’s willful infringement as set forth in Furrion’s First Amended Complaint. *See* Dkt. No. 42, ¶¶ 42, 94, 96-97. Furrion denies the remaining allegations in Paragraph 77.

## TWELFTH COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY OF THE ‘292 PATENT

**78. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 78, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion's First Amended Complaint and in its answers to Paragraphs 1-77, above.

**79. The '292 Patent is invalid for failure to comply with one or more of the requirements of patentability as set forth in Title 35 of the United States Code or the rules, regulations, and laws related thereto, including without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.**

ANSWER: Furrion denies the allegations in Paragraph 79 and affirmatively states that the '292 Patent is valid and enforceable, and is infringed by Way Interglobal, as set forth in Furrion's First Amended Complaint. *See* Dkt. No. 42.

**80. An actual and justiciable controversy has arisen between Way Interglobal and Furrion concerning the validity of the '292 Patent.**

ANSWER: Furrion admits that "an actual and justiciable controversy has arisen between" it and Way Interglobal. Furrion denies any remaining allegations in Paragraph 80.

**81. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Way Interglobal is entitled to a declaratory judgment from this Court finding that the '292 Patent is invalid.**

ANSWER: Furrion denies the allegations in Paragraph 81.

**82. This case is exceptional, and Way Interglobal is entitled to an award of attorneys' fees under 35 U.S.C. § 285.**

ANSWER: Furrion states that this case is exceptional under 35 U.S.C. § 285 due to Way Interglobal's willful infringement as set forth in Furrion's First Amended Complaint. *See* Dkt. No. 1, ¶¶ 42, 94, 96-97. Furrion denies the remaining allegations in Paragraph 82.

## THIRTEENTH COUNTERCLAIM
## DECLARATION OF NO COPYRIGHT INFRINGEMENT

**83. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 83, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion's First Amended Complaint and in its answers to Paragraphs 1-82, above.

**84. The Furrion Owner's manual contains no artistic expression and therefore is not copyrightable material.**

ANSWER: Furrion denies the allegations in Paragraph 84 and affirmatively states that the "Furrion Owner's manual" (referred to as the Copyrighted Instruction Manual in the First Amended Complaint) is an original work of authorship and constitutes copyrightable subject matter, and further that Way Interglobal has reproduced, distributed, displayed, and created derivative works based on the Copyrighted Instruction Manual in violation of Furrion Limited's exclusive rights in the Copyrighted Instruction Manual, as set forth in Furrion's First Amended Complaint. *See* Dkt. No. 42.

## FOURTEENTH COUNTERCLAIM
## DECLARATION OF NO TRADEMARK INFRINGEMENT

**85. Way Interglobal re-alleges and fully incorporates the preceding paragraphs as though fully set forth herein.**

ANSWER: In response to Paragraph 85, Furrion realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in Furrion's First Amended Complaint and in its answers to Paragraphs 1-84, above.

**86. Any appearances of any Furrion Logo or mark as alleged by Furrion was not for the identification of goods.**

ANSWER: Furrion denies the allegations in Paragraph 86 and affirmatively states that Way Interglobal's unauthorized use of the Furrion Logo and/or Furrion Marks constitutes trademark infringement, as set forth in Furrion's First Amended Complaint. *See* Dkt. No. 42.

## GENERAL DENIAL

Furrion denies each and every allegation, matter, or thing contained in Way Interglobal's Counterclaims, express or implied, not expressly admitted herein.

## PRAYER FOR RELIEF

In response to Way Interglobal's Prayer for Relief, Furrion respectfully requests that this Court deny in all respects Way Interglobal's counterclaims and other requests for relief, that Way Interglobal take nothing by way of its counterclaims and other requests for relief, and that Way Interglobal's counterclaims be dismissed with prejudice; and that the Court enter a judgment in favor of Furrion on all counterclaims asserted by Way Interglobal.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Furrion demands a trial by jury on all issues triable by jury.

Date: March 13, 2020

Respectfully submitted,

/s/ *Jared B. Briant*

**FAEGRE DRINKER BIDDLE & REATH LLP**
Jared B. Briant (*admitted pro hac vice)*
jared.briant@faegredrinker.com
1144 Fifteenth Street, Suite 3400
Denver, CO 80202-2569
Tel: (303) 607-3500
Fax: (303) 607-3600

Andrew M. McCoy (#28297-49)
andrew.mccoy@faegredrinker.com
300 N. Meridian St., Suite 2700
Indianapolis, IN 46204
Tel: (317) 237-0300
Fax: (317) 237-1000

*Attorneys for Plaintiffs*