UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FURRION PROPERTY HOLDING LIMITED and FURRION LIMITED, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Cause No. 3:19-CV-566-PPS-MGG |
| WAY INTERGLOBAL NETWORK, LLC, | ) ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Three motions are presently before me in this patent and trademark dispute relating to ovens sold into the recreational vehicle market. First, Defendant Way Interglobal, LLC seeks to preclude Plaintiffs Furrion Property Holding Limited and Furrion Limited (collectively referred to as "Furrion") from making additional infringement claims or, in the alternative, it seeks summary judgment of noninfringement. [DE 81.] Second, and similarly, Way has moved to strike Furrion's final infringement contentions on the grounds that they were tardy, and no good cause exists for the dilatory filing. [DE 135.] Finally, Way also seeks summary judgment on all claims of trademark infringement and unfair competition. [DE 100.] A detailed background of this case can be found in an order denying a motion for preliminary injunction [DE 29] and in the Claims Construction Opinion and Order [DE 115.]

I. **Final Infringement Contentions**

Early on in patent cases the parties are required to exchange preliminary infringement contentions, and each disclosure is required to include a chart identifying both the patent claims at issue and the alleged patent infringement. N.D. Ind. L.P.R. 3-1. After claims construction, the parties must exchange final infringement contentions. N.D. Ind. L.P.R. 5-1. A party must demonstrate good cause before identifying additional accused products or processes not included in the preliminary infringement contentions. N.D. Ind. L.P.R. 5-1(a)(3). The rules give two examples: "discovery of previously undiscovered information or an unanticipated claim-construction ruling." *Id*. It is far from clear what is meant by the phrase "unanticipated claim construction ruling." *See Days Corp v. Lippert Components, Inc.*, 2019 WL 6876634 (N.D. Ind. Dec. 17, 2019).

The Federal Circuit, whose law governs here as opposed to the law of the regional circuit, has said that good cause may be demonstrated when the moving party shows both its diligence in amending its contentions and that the nonmoving party will not suffer undue prejudice. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364-67 (Fed. Cir. 2006). In addition, the Federal Circuit defers to district courts under an abuse of discretion standard regarding the interpretation and enforcement of local rules. *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) ("Local patent rules are essentially a series of case management orders that fall within a district court's broad power to control its docket and enforce its order.").

District Courts differ in opinion as to whether the fact a court construed a claim in the manner advocated by an opposing party is enough to support an amendment.

2

*Compare* N.D. Cal. Patent L.R. 3-6 ("A claim construction by the Court different from that proposed by the party seeking amendment") *with* E.D. Tex. L.P.R. 3-6(a)(1) *and Sycamore IP Holdings LLC v. AT&T Corp.*, 2018 U.S. Dist. LEXIS 58863, at *13 (E.D. Tex. Apr. 6, 2018) ("courts in the Eastern District of Texas have uniformly required the movant to show that the claim construction adopted by the court was 'unexpected or unforeseeable'"); *see also CellCast Techs., LLC v. United States*, 152 Fed. Cl. 414, 423-426 (2021) (discussing the differing opinions in various courts). Decisions and local rules of other districts present reasonable differing positions as to when to allow amendments to contentions. At bottom, whether a claims construction ruling is truly unanticipated, as that term is used in our local rules, will have to be decided on a case-by-case basis with a careful and pragmatic eye on achieving a result that is in the interest of justice.[1]

Furrion seeks to include three additional Way products in its Final Infringement Contentions (FIC) that were not mentioned in its preliminary infringement contentions: (1) what they call the "modified" oven; (2) the Greystone High Output Burner Gas Cooktop (HOB); and (3) HOB with convection oven. In its motion to strike [DE 135], Way argues that Furrion may not include these additional items in the FIC without good cause under the patent rules and further states that any amendment would be unduly prejudicial. Way argues that the court's claim construction could easily be anticipated by Furrion and that cannot give rise to good cause.

---

[1] Indeed, "the interest of justice" also permits me to suspend enforcement of a local rule. *See* N.D. Ind. L.R. 1-1(b).

For its part, Furrion asserts that it has good cause because the court's claim construction order was "unanticipated" and it gives four reasons: the court did not adopt its position, Furrion never advocated for "portions of an oven," Furrion could not have brought the additional claims earlier without undermining its position, and any prejudice to Way can be remedied by allowing time in discovery to investigate the products and address the issues. With respect to an amendment, Furrion argues there was no opportunity or reason to amend until after the Markman order, because Furrion states that Way has been on notice of the modified oven and the court's claim construction order expanded the scope of the litigation to "portions of an oven." Furrion states it could not argue this earlier because doing so would have been detrimental to its position that the patent encompasses the entire oven.

I begin with Furrion's argument that the claims construction was unanticipated, giving it good cause to include additional products in the FIC. At the time of the Markman hearing, Furrion's proposed claim construction asked the court to construe the patent language as: "The ornamental design for an oven, as shown and described in Figures 1-7." [DE 62, 67.] Way's proposed claim construction asked the court to construe the patent language as: "Portions of an oven as shown and described in Figures 1-7, limited by functional features and disclaimed subject matter." *Id*. The court adopted the following claims construction: "The ornamental design for a portion of an oven, as shown in Figures 1-7, excluding portions shown in broken lines." [DE 115.]

As I mentioned in the claim construction order, the design patents in this case are ladened with broken lines, making it difficult to parse out what is covered by the

4

patent. The color representations provided by Furrion's expert witness are extremely helpful in distinguishing the broken lines from the solid lines. Furrion's argument that the court's claim construction was unanticipated is without merit. Indeed, Way's proposed construction includes the language "portions of an oven" and "limited by functional features and disclaimed subject matter." In other words, Way sought, and Furrion does not dispute, that the broken lines are not part of what is being claimed.

The court's claim construction took language from both proposed constructions: "ornamental design" came from Furrion, "portion[] of an oven" from Way, and limited the patent to only what is claimed by the solid lines, as requested by Way. It is true that the claim construction lined up closely with Way's proposed construction. But it's also true that Furrion was plainly aware that this court could align with either parties' construction. What did not happen, however, was that the claim construction was entirely different from either party's proposed constructions. While Furrion may disagree with the court, an unfavorable outcome does not equate to unanticipated one.

Additionally, back in October 2019, I denied Furrion's motion for a preliminary injunction clearly stating that "Furrion does not have a single design patent covering the entirety (or even most) of its 2 in 1 Range oven. Instead, it has four patents which cover different smaller components of the oven." [DE 29.] Furrion should have recognized, or at least inferred, at that point that my view was (and is) that this case is about a portion of an oven, and not an entire oven. Therefore, Furrion's argument that the claim construction was unanticipated is entirely unpersuasive.

Next, Way argues that Furrion failed to diligently amend its contentions (two years for the modified oven, sixteen months for the HOB, and seven months for the HOB oven) and that it would be prejudiced by Furrion's amendment because it would increase the scope of the litigation, extend discovery, and severely increase Way's litigation expenses. Finally, Way claims that any amendment would be futile because the ordinary observer could easily differentiate between Way's and Furrion's ovens and that there is no infringement because the designs are not substantially the same.

Furrion responds that it was diligent in amending its infringement contentions because the court's claim construction narrowed its patent from an oven to "portions of an oven," widening the scope of the litigation to include Way's other products that are not an entire oven. Furrion states that the "modified oven" (included in the Amended Complaint as a footnote [DE 42 at 13]) is essentially the same oven with a different grate, which involves the same analysis as the "original oven." Because the oven is still so similar, Furrion contends that the infringement analysis is the same and that Way has been on notice that the modified oven infringes on its patent since at least the preliminary injunction hearing, but also in the amended complaint, interrogatory responses, in its response to the MSJ, and in its final infringement contentions. Furrion further argues that Way is not prejudiced because Furrion put it on notice as early as the preliminary injunction that the modified oven was part of this case. Furrion states that because fact and expert discovery remains open (fact discovery closes November 11, 2021 and expert deposition deadline is March 31, 2022 [DE 182]), Way has ample time to investigate the product and that the court could extend the time for discovery to

6

accommodate Way. Furrion then discounts Way's futility arguments as an improper attempt to have the court decide on the ultimate merits of the case.

I agree with Way that Furrion was not diligent in seeking to amend its contentions. Here, Furrion identifies two new products unmentioned in either its amended complaint or preliminary infringement contentions (the HOB and HOB convection oven) and the only mention of a modified oven in the amended complaint is in a footnote on page 13:

> Although Way Interglobal has recently attempted to modify the designs of these products, Furrion is not aware of any such attempted redesigned products ever being imported or otherwise made, used, sold, or offered for sale in the United States as of the date of this First Amended Complaint, and based on the limited information made available to date, the attempted redesigned products continue to infringe one or more of the Asserted Patents. To the extent Way Interglobal commits infringing acts in the United States with regard to these products, that would violate Furrion's rights.

Furrion's relegation of its infringement claim against the "modified oven" to a footnote in the amended complaint falls short of putting Way on notice of the claim against it. I am unpersuaded by the argument that a change to the grate in patent '038 mostly covering the top of the stove renders the modified oven "essentially the same" as the original oven (see below). These modifications to the grate do change the visual appearance of this portion of the oven.




      Original Oven [DE 83 at ¶ 30]            Modified Oven [DE 83 at ¶ 40.]

     I am also unpersuaded by Furrion's argument that it was diligent in amending its contentions given the similarity between Way's "original" and "modified" ovens. Having reviewed the footnote in the amended complaint, I believe that Furrion did place Way on some notice regarding both "modified" and "redesigned" products. However, that notice falls short of making an actual allegation in the pleadings. While I understand the hesitancy in making a claim in good faith, Furrion should have gone through the proper procedure to amend its infringement contentions as soon as it believed Way was infringing with this modified oven. This isn't some guessing game being played here. If the modified oven was infringing, then Furrion needed to either amend its complaint or issue amended infringement contentions to make plain the allegations, so that everyone was on notice and could proceed accordingly. Furrion had ample opportunity to include the modified oven at any point prior to the issuance of its Final Infringement Contentions.

Finally, there is the issue of unfair prejudice to Way by Furrion's dilatory behavior. I agree with Way that Furrion's belated assertions cause unfair prejudice to Way by expanding the potential damage exposure. Way made substantial business decisions relying on the fact that the modified oven (and the HOB products as well) were not included in the allegations in this case. In delaying until the Final Infringement Contentions to include three additional products, Furrion ultimately forces Way to double its expenses by reconducting certain discovery, which could have easily been addressed if Furrion made its intentions known within a reasonable time and through the proper procedure.

In sum, I cannot find that Furrion was diligent in amending its infringement contentions with respect to the modified oven and the two HOB products. To allow Furrion to do it now in their final infringement contentions would vastly expand this litigation beyond what was reasonably anticipated at the outset causing substantial prejudice to Way in the process. Accordingly, Way's Motion to Strike the Final Infringement Contentions [DE 135] will be granted. And because the Motion to Strike that I just ruled on covers the issue, Way's prior request that I preclude the FIC [DE 81] will be denied as moot.

Finally, Way seeks to preclude Furrion from asserting infringement claims against it for the redesigned oven. However, Furrion concedes it has not sought infringement of the redesigned oven. [DE 92 at 2, 8.] Specifically, "Furrion has not asserted and is not presently asserting claims of infringement against the 'Redesigned oven.'" [DE 94 at 8, 94-2 at ¶ 5.] Way argues that Furrion's language that Furrion has

9

not *presently* claimed infringement on the redesigned ovens does not mean Furrion will not claim infringement in the future. However, I can only go on what is in front of me. I am not inclined to pre-empt Furrion from a hypothetical change of pace. Here, there is no legal issue of either issue or claim preclusion. "Issue preclusion prohibits a party from seeking another determination of the litigated issue in the subsequent action." *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1315 (Fed. Cir. 2015) (internal citation and quotations omitted). Claim preclusion, or *res judicata*, involves "a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same case of action." *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 326 (1955). This case being the first suit that involves these claims and issues, neither issue nor claim preclusion applies here. Accordingly, I will deny Way's motion for summary judgment seeking preclusion regarding the redesigned oven.

## II. Trademark and Unfair Competition Claims

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Id.* at 255.

While fact discovery need not be completed for summary judgment to be proper, I agree with Furrion that Way is premature in bringing this motion. *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 628 (7th Cir. 2014); *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 864 (7th Cir. 2019). Potential problems with premature motions are covered under Rule 56, "which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery." *Celotex Corp.*, 477 U.S. at 326; FED. R. CIV. P. 56. Under Rule 56(d), a non-movant may show, by affidavit, that "for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d); *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006). "A party seeking relief under Rule 56(d) must show by affidavit or declaration specific reasons discovery should be extended, which requires more than a fond hope that more fishing might net some good evidence." *Smith*, 933 F.3d at 864. Furrion identifies discovery it allegedly needs to properly respond to Way's summary judgment motion. Furrion states that at the time of the motion, neither party completed any depositions and that it "requires at least the opportunity to depose Mr. Kalor, and ideally the opportunity to complete all fact witness depositions, to fully respond to the Motion." [DE 117 at ¶ 10.] At this stage, I will deny Way's motion for summary judgment under 56(d) as premature so that Furrion may complete the depositions it needs to gather available evidence and adequately respond to a motion for summary judgment.

Even were I to consider the motion as timely, there may be a genuine issue of material fact that would defeat summary judgment. Way challenges Furrion's

11

trademark infringement claim, unfair competition claim, and Indiana common law unfair competition claim. *See Vision Ctr. N.W., Inc. v. Vision Value, LLC*, 673 F. Supp. 2d 679, 683 (N.D. Ind. Nov. 3, 2009); *see also Indiana Cheer Elite, Inc. v. Champion Cheering Org., LLC*, 2005 U.S. Dist. LEXIS 20085, at *1 n.1 (N.D. Ind. Sept. 13, 2005) ("The analysis under the Lanham Act for . . . unfair competition also applies to claims for unfair competition under Indiana common law.") The Lanham Act prohibits the use in commerce of "any word, term, name, symbol, or device" or "any false designation of origin" that is "likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a). To prevail, Furrion needs to prove its mark is protectable[2] and that Way's use of the mark is likely to cause confusion among consumers. *Packman v. Chicago Trib. Co.*, 267 F.3d 628, 638 (7th Cir. 2001). Regarding the standard here, Way asserts the proper test should be the "source-identifying" test utilized by the Sixth Circuit and Furrion asserts the proper test is the "likelihood-of-confusion" test. *Compare Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir. 2009) *with AutoZone, Inc. v. Strick*, 543 F.3d 923 (7th Cir. 2008).

      The Seventh Circuit uses the "likelihood of confusion" test which requires analysis of seven factors: "(1) the similarity between the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use;

---

[2] Way acknowledged that it would assume this for purposes of this motion only.

(4) the degree and care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) any actual confusion; and (7) the intent of the defendant to 'palm off' his product as that of another." *Sorensen v. WD-40 Co.*, 792 F.3d 712, 726 (7th Cir. 2015); *AutoZone, Inc.*, 543 F.3d at 929. "No single factor is dispositive, but [the Circuit has] said that three are especially important: the similarity of the marks, the intent of the defendant, and evidence of actual confusion." *Sorensen*, 792 F.3d at 726. Furthermore, whether consumers are likely to be confused about a product's origin is ultimately a question of fact which is not appropriate for summary judgment unless the evidence is so one-sided that there is no doubt as to the answer. *AutoZone, Inc*, 543 F.3d at 929.

Furrion states not only is there a likelihood of confusion, but that there is already actual confusion in the post-sale marketplace as the oven has been referred to as a "Furrion Greystone" in customer posts and reviews. That is an oven that does not exist. Instead, it appears to be a moniker that conflates the Furrion and Way ovens which helps to prove confusion in the marketplace. [DE 124 at 16.] Way discounts consumer confusion by triumphantly telling me that no consumer "noticed the Furrion F logo on page 11 of the discontinued manual or was confused by it." [DE 127 at 14.] How they know that is unclear to me; after all, the manuals could be found online as recently as April 29, 2021. [DE 124 at 9.] Further, Way argues that Furrion's identification of two

instances is insufficient to create a triable issue of fact. *Id.* at 15.[3] Way argues that the alleged confusion can be dismissed because Furrion's evidence only points to two anonymous online users, neither of which are admissible. What's more, the issue, according to Way, is not whether *anyone* can be confused, it is whether the relevant class of consumers who might purchase either Way's or Furrion's products would be confused, and that these isolated incidents are not enough to create a triable issue of fact.

Because the test in this Circuit is the "likelihood of confusion" which is a fact-intensive inquiry involving seven factors, there may be genuine issues of fact whether the "F" logo caused customer confusion. I say "may be" here because additional discovery is needed to bring clarity to the "likelihood of confusion" issue. In other words, this motion is entirely premature. Summary judgment is therefore denied without prejudice.

## Conclusion

For the foregoing reasons, Defendant's Motion to Strike Furrion's Final Infringement Contentions is **GRANTED**.

Defendant's Motion for Summary Judgment and/or to Preclude [DE 81] is **DENIED.**

---

[3] Way cites the 4th and 6th Circuits and one 7th Circuit case: *Packman v. Chi. Tribune Co.*, 267 F.3d 628 (7th Cir. 2001). The consumers in *Packman*, however, are distinguishable because the four individuals are plaintiff's father, friends, and co-worker, all of whom "called to congratulate [plaintiff] on her "deal" with [defendant]" and "had purchased or attempted to purchase the product from either plaintiff or defendant. None of them were considered 'consumers' under the Lanham Act."

Defendant's Motion for Summary Judgment for Trademark Infringement and Unfair Competition [DE 100] is **DENIED WITHOUT PREJUDICE** under Fed. R. Civ. P. 56(d).

Defendant's Motion to Seal [DE 139] is **GRANTED**.

Plaintiff's Motion to Seal [DE 146] is **GRANTED**.

ENTERED on September 20, 2021.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
